CHARLES E. HAWKINS, as Administrator of the Estate of DONALD HAWKINS, Deceased, Respondent, *v.* COUNTY OF ONEIDA, Appellant.

Submitted March 18, 1948; decided April 22, 1948.

*Pirnie Pritchard* for appellant. I. The action should have been instituted under section 6 of the County Law. (*Huston* v. *County of Chenango,* 253 App. Div. 56; *Khoury* v. *County of Saratoga,* 267 N. Y. 384; *Kane* v. *County of Cayuga,* 254 App. Div. 613; *Dekowski* v. *County of Montgomery,* 263 App. Div. 697; *Williams* v. *County of Saratoga,* 266 App. Div. 431.) II. Respondent lacks jurisdiction. (*Pansrok* v. *City of Yonkers,* 254 N. Y. 91; *Thomann* v. *City of Rochester,* 256 N. Y. 165.) III. Personal injuries include injuries resulting in death. (*Titman* v. *Mayor,* 57 Hun 469; *Crapo* v. *City of Syracuse,* 183 N. Y. 395.)

*James M. O'Hara* and *Francis J. Alder* for respondent. The action was properly instituted. (County Law, § 6-a.)

*Per Curiam.* An action against a county based upon a claim for damages arising out of a defective condition of a highway owing to the negligence of the county or its officers, including an action for wrongfully causing death, may be brought only under section 6 of the County Law. Plaintiff's failure to furnish the sort of notice and claim called for by that section is fatal to the institution of this action. The orders should be reversed, the complaint dismissed, and the question certified answered in the affirmative, with costs in all courts.

LOUGHRAN, Ch. J., DESMOND, THACHER and FULD, JJ., concur in *Per Curiam* opinion; LEWIS, CONWAY and DYE, JJ., dissent on the ground that in death actions service of process in compliance with section 6 is not exclusive of the provisions of section 6-a.

Orders reversed, etc.