■    Rita Olson, as Administratrix of the Estate of Harry A. Olson, Deceased, Appellant, v. 480 Park Avenue Corporation et al., Respondents, et al., Defendants. 480 Park Avenue Corporation, Third-Party Plaintiff, v. Allwyn Contracting Co., Inc., Third-Party Defendant.— In an action to recover damages for decedent's wrongful death resulting from his electrocution on a structural alteration job in restaurant premises upon which he was working as an employee of the general contractor, Allwyn Contracting Co., Inc., the plaintiff administratrix of the decedent appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, entered March 19, 1958, as dismissed her complaint upon the merits against the defendant Park Avenue Corporation, the building owner, at the close of her case during a jury trial. Plaintiff has joined as defendants, in addition to the said building owner, the architects, Emery Roth & Sons, who prepared the plans for the alteration job; Herbert Josephson, the electrical contractor; and the corporation, Gogi, Inc., the restaurant operator and lessee (who was not served with process and did not appear in the action). The building owner, as third-party plaintiff, served a third-party complaint against the general contractor, Allwyn Contracting Co., Inc., the decedent's employer. The judgment appealed from dismissed the complaint on the merits, at the close of plaintiff's case, as against all the defendants who appeared, namely, the building owner, the architects and the electrical contractor. The judgment also dismissed "upon the merits" the owner's third-party complaint against the general contractor. As to such dismissal of the third-party complaint, by order dated July 18, 1958, the judgment was amended only to the extent of providing that the dismissal is "without prejudice." As stated, only the plaintiff has appealed and by her brief she has, in effect, confined her appeal

to so much of the judgment as dismissed her complaint against the defendant building owner, Park Avenue Corporation. Judgment (as amended by the order), insofar as appealed from, reversed on the law and the facts; action severed as to the defendant Park Avenue Corporation, the building owner; and new trial granted as between plaintiff and said defendant, with costs to plaintiff to abide the event. Decedent was an employee of the general contractor employed by the restaurant lessee to perform certain alterations in the demised premises in a building owned by the defendant Park Avenue Corporation. During the course of the work, decedent received an electric shock when he came into contact with an exposed electric wire. He died as a result of such shock. Although subdivision 6 of section 241 of the Labor Law authorizes the adoption of rules for the protection of workmen coming in contact with electric wiring in the course of repairing and remodeling as well as new construction (*Vallina* v. *Wright & Kremers,* 7 A D 2d 101), the building owner was not bound to comply with those rules because there is no proof that it was actually engaged in the alteration work or had control thereof. However, there is a question of fact: (1) as to whether on the day before the accident the electric power in the wire with which decedent came in contact was shut off from the cellar of the building, to which only the owner had access,· or was shut off from the panel box within the demised premises (the restaurant), to which decedent's employer and the restaurant lessee both had access and with which the building owner had nothing to do; and (2) as to whether the current in the wire was supplied by the telephone company. If the electric power had been shut off from the cellar of the building by the owner's employee and if the owner had assured decedent's employer of that fact (as one of plaintiff's witnesses testified), then it was for the jury to decide whether the owner should have kept the current off or prevented its reactivation during the entire period of the alteration. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.