MARY K. CURTIS, as Administratrix of the Estate of WILLIAM D. CURTIS, Deceased, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 43010.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims which awarded damages for the death of claimant's intestate upon a finding of the State's negligence in violating section 23–9.1 of the Industrial Code (12 NYCRR 23.9[a]) dealing, in part, with the placing of structural steel members; the Court of Claims holding that the section 23–9.1 "rule or standard imposed a nondelegable duty upon the State as 'owner' under section 241 of the Labor Law." Cross appeal on the ground of inadequacy. Claimant's intestate, in the course of his employment by the State's general contractor for the construction of an elevated concrete bridge, fell when a metal I beam, which had been hoisted for placement on upright concrete columns, tipped while decedent was upon it, after he had released the cables with which the beam was slung from the hoisting crane, so that the beam was then supported only by its own weight instead of being secured to the column before removal of the sling and cables. This, decedent could have accomplished from the scaffolding in place, instead of which, in the words of his coemployee, he "jumped up on the 'I' beam to walk out onto it, to unfasten the slings." Section 241 of the Labor Law, as constituted on the date of the accident of September 4, 1963 which gave rise to this claim, imposes upon owners, contractors and subcontractors the duty of providing reasonable and adequate protection to workmen in "areas, buildings or structures in which construction * * * work is being performed". Clearly, the statute requires the owner to keep these areas free of common hazards and does not impose upon him liability for the manner in which the details of the work are performed under the immediate supervision of his contractor or subcontractor. "Owners and general contractors are responsible for the safety of the commonly used portions of the work premises. The equipment, methods and work spaces of the subcontractor are his sole responsibility." (*Cangiano* v. *Lo Bosco & Son*, 23 A D 2d 860.) Here the accident occurred in an instant by reason of the employee's act, in connection with the placement of the very

first beam to be hoisted. It is difficult to see how the State's project engineer or his inspectors could reasonably be deemed responsible for the supervision of this detail of the work or for the particular manner of its performance or be found liable to prevent the accident that ensued. There could perhaps be found a violation of section 23–9.1 of the Industrial Code, but nothing in that rule imposes a nondelegable duty upon the owner; and the rule itself, antedating present section 241 of the Labor Law and thus not promulgated under it, gains no added force or applicability by reason of it. The weight of authority seems to us to require dismissal of the claim. (See *Persichilli* v. *Triborough Bridge & Tunnel Auth.*, 16 N Y 2d 136, 145, mot. for rearg. den. 16 N Y 2d 883; *Wright* v. *Belt Associates*, 14 N Y 2d 129, 136; *Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20; *Cangiano* v. *Lo Bosco & Son*, 23 A D 2d 860, *supra*.) Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Brink, JJ., concur.