BLANCA FORERO, Administratrix of the Estate of MELBA E. FORERO, Deceased, Appellant, v TOWN OF TUXEDO et. al., Defendants; ORANGE COUNTY, Respondent.

Second Department, April 12, 1976

*Lurie & Nicholson (Stevens G. Nicholson, Jr.,* of counsel), for appellant.

*King, Edwards & O'Connor (Rocco Conte* of counsel), for respondent.

COHALAN, J. At issue on this appeal is the applicability of section 139 of the Highway Law with respect to the time of commencement of suit in a wrongful death action against a county.

The chronology of events discloses that plaintiff's intestate died on October 3, 1972 as the result of an automobile accident on that day. Her death occurred on a highway maintained by the County of Orange. Limited letters of administration were issued on December 19, 1973. Service of a 90-day notice, in purported compliance with section 50-e of the General Municipal Law, was effected on February 1, 1974. Thereafter, and within one year from the latter date, to wit, on October 9, 1974, a summons and complaint were served upon the county. This was two years and six days after the fatal accident which spawned the action.

On a motion to dismiss (CPLR 3211) after issue was joined, Special Term dismissed the complaint as against Orange County on the ground of untimeliness (General Municipal Law, § 50-i), citing *Erickson v Town of Henderson* (30 AD2d 282). As we read that case, however, the motion to dismiss therein was made under section 67 of the Town Law and has no applicability at bar.

At Special Term, and on this appeal, plaintiff has invoked the provisions of section 139 of the Highway Law in support of her claim of timely and proper service. As pertinent, that statute reads: "When, by law, a county has charge of the repair or maintenance of a * * * highway, * * * the county shall be liable for injuries to person or property sustained in consequence of such * * * highway * * * being defective * * * dangerous or obstructed existing because of the negligence of the county, its officers, agents or servants. A civil action may be maintained against the county to recover damages for any such injury; but the county shall not be liable in such action unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law, and unless the action is commenced within one year from the

date of service of the notice, but no such action shall be commenced upon such claim until the expiration of three months after the service of such notice." As demonstrated in the chronology of events, the section was literally complied with.

Section 139, enacted in 1950 (L 1950, ch 640), replaced section 6 of the County Law, which was enacted in 1917 (L 1917, ch 578). Section 6 required that service be effected upon a county within one year after the happening of the accident. In construing section 6, the Court of Appeals, in *Hawkins v County of Oneida* (297 NY 393, 395), noted: "An action against a county based upon a claim for damages arising out of a defective condition of a highway owing to the negligence of the county or its officers, including an action for wrongfully causing death, may be brought only under section 6 of the County Law."

Here, compliance was had with section 50-e of the General Municipal Law in the light of the construction placed on it in wrongful death actions, namely that the claim does not arise until the appointment of an administrator (see *Joseph v McVeigh,* 285 App Div 386, affd 309 NY 877; *Buduson v Curtis,* 285 App Div 517, affd 309 NY 879; *Crapo v City of Syracuse,* 183 NY 395; *Matter of Sellars v Motor Vehicle Acc. Ind. Corp.,* 20 AD2d 350, 353; *Matter of Mulligan v County of Westchester,* 272 App Div 927; *Santaniello v De Francisco,* 73 Misc 2d 934).

In addition to section 139 of the Highway Law, the plaintiff also points to CPLR 204 (subd [a]) to obtain the benefit of the extra period beyond the two-year term before service was effected.

The defendant county stands four-square on section 50-i of the General Municipal Law for its defense. It points out that section 50-i came into being in 1959 (L 1959, ch 788). It reads, in pertinent part: "1. No action or special proceeding shall be prosecuted or maintained against a * * * county * * * for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such * * * county * * * or of any officer, agent or employee thereof, unless * * * (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." Subdivision 2 adds what the county considers to be the *coup de grace* to plaintiff's contention. It reads: "This section

shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter." It may be of some significance that no mention, of such, of wrongful death appears in the statute.

At the time section 50-i came into being, the legislative committee which recommended its enactment was well aware of section 139 and of the *Hawkins* case *(supra)*. (See Fifth Report of Joint Legislative Committee on Municipal Tort Liability [March 23, 1959]; NY Legis Doc, 1959, No. 36.) As also applicable, a note to chapter 788 of the Laws of 1959 states: "This act is recommended by the Joint Legislative Committee on Municipal Tort Liability. Its purposes is *[sic]* to clarify and make uniform existing provisions with respect to the filing of claims and the commencement of actions against municipal corporations. (1) Filing of a notice of claim has been required since enactment of § 50-e of the General Municipal Law by L. 1945, ch. 694. (2) A one year limitation upon commencement of actions now exists as to all municipalities. However, the one year period runs in some laws from the happening of the event upon which the claim is based, in others from the accrual of the cause of action. The latter phrase has uniformly been construed to mean after the happening of the event *(Christian v. Village of Herkimer,* 4th. Dep't., 1958, 5 App. 2d 62), but the variation in terminology in the absence of definintive decision has led to uncertainty and litigation. This act eliminates that uncertainty by expressly providing that the period runs from the happening of the event. The tolling provisions of section 24 of the Civil Practice Act now results *[sic]* in extension of the one year limitation for various periods up to ninety days. For purposes of clarity and uniformity this act provides a period of one year and ninety days with express provision against further tolling. (3) Existing laws provide that no action be brought for a period after the filing of a notice of claim. The periods vary from 15 to 90 days for various classes of municipalities. The Committee deems unjustifiable the confusion which arises from the variation in periods. This act provides a uniform 30 day period for all municipalities. The act makes necessary changes in the General Municipal Law, the Second Class Cities Law, the County Law, the Town Law, the Highway Law and the Village Law to ensure uniformity in its application."

Despite the note appended to chapter 788, and the reference

in its last sentence to the Highway Law, the only amendment to the Highway Law concerned itself with subdivision 3 of section 215 thereof (actions against towns or town superintendents of highways).

The county argues further that section 139 was impliedly repealed by chapter 788, in effect suggesting it would be an exercise in futility to amend all the other statutes and to leave section 139 standing undisturbed. However that be, statutory construction does not favor repeal by implication.

In section 391 of Statutes (McKinney's Cons Laws of NY, Book 1) it is stated in part:

"As a general rule, a statute is not deemed to repeal an earlier one without express words of repeal, unless the two are in such conflict that both cannot be given effect. * * * [See *Naramore v State of New York,* 285 NY 80.]

"One reason for the disfavor which repeals by implication have encountered is that they carry a tacit reflection upon the legislators that they ignorantly made one act repugnant to and inconsistent with a prior law. It is only when there is an irreconcilable conflict between the acts or when the subsequent act is clearly intended to supersede the former statute, that a repeal by implication arises. To avoid a repeal by implication courts will narrowly construe a statute to keep it from conflicting with another, and when, by a fair construction, some office or function can be assigned to both acts, or they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate upon the same general subject, even though one is a later enactment." (See *Cimo v State of New York,* 306 NY 143; citations added.)

To apply this theory of statutory construction at bar, we point to the fact that when section 6 of the County Law (replaced by section 139 of the Highway Law) came into being, it represented a new cause of action unknown at common law. In creating it, the Legislature imposed a time limitation which became part and parcel of the grant of power; the commencement of such an action is subject to that limitation and to no other (see *Cimo v State of New York, supra).*

We hold that, by fair construction, section 50-i of the General Municipal Law and section 139 of the Highway Law can coexist. We conclude, therefore, that the order dismissing the complaint as against the County of Orange should be reversed, with $50 costs and disbursements.

HOPKINS, Acting P. J., DAMIANI, CHRIST and TITONE, JJ., concur.

Order of the Supreme Court, Orange County, entered April 24, 1975, reversed, with $50 costs and disbursements, and motion denied.