OPINION OF THE COURT
Emmett J. Schnepp, J.
The sole question before the court for determination is whether plaintiffs’ action for wrongful death was required to *1048 be commenced "within one year and ninety days after the happening of the event upon which the claim is based”, as provided by subdivision 1 of section 50-i of the General Municipal Law, or "within two years after the decedent’s death”, as provided by EPTL 5-4.1. The accident which resulted in the death of plaintiffs’ intestate occurred on January 19, 1975, while the action against the City of Canandaigua was commenced on January 14, 1977. Plaintiffs have moved to dismiss the third affirmative defense in the amended answer of the defendant, City of Canandaigua, claiming that the action was barred by the Statute of Limitations, because it was not commenced within the one-year and 90-day period.
 The applicability of the one-year and 90-day Statute of Limitations period contained in section 50-i of the General Municipal Law to actions for wrongful death has been described as unsettled. (See generally McLaughlin, Civil Practice, 20 Syracuse L Rev 449, 455.) However, the word "death” does not appear in the language of subdivision 1 of section 50-i, which refers only to "personal injury” actions and actions prosecuted for "damage to real or personal property” alleged to have been sustained "by reason of the negligence or wrongful act” of the municipality. The term "personal injury” does not include wrongful death. (General Construction Law, § 37-a.) The absence of the word "death” in section 50-i is significant. (See generally Forero v Town of Tuxedo, 51 AD2d 443.) EPTL 5-4.1, however, does make provision for the personal representative of a decedent to maintain an action to recover damages for a wrongful or negligent act "against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued” (emphasis supplied). A "person” includes the defendant City of Canandaigua. (EPTL 1-2.12.)
The defendant’s reliance upon Erickson v Town of Henderson (30 AD2d 282) is misplaced. The court in Erickson applied section 50-i to wrongful death actions against the town by reason of the provisions of section 67 of the Town Law. Subdivision 1 of section 67 specifically provides that any claim "for wrong or injury to person or property or for the death of a person ” (emphasis supplied) shall be commenced pursuant to the provisions of section 50-i. There the court recognized that section 50-i was applicable because of the provisions of section 67 of the Town Law. Section 52 of the County Law contains a comparable provision. No similar provision of law dealing *1049 with cities or the City of Canandaigua has been called to the court’s attention.
The defendant also looks to Phillips v Village of Waterford (48 AD2d 745) for support of its argument. In Phillips, however, the focus of the court’s attention seemed to be on the application of the tolling provisions of the CPLR and whether the time limitations for actions governed by section 50-i commenced upon accrual of the cause of action or upon the happening of the event causing the damage. The court was not called upon to consider the issue of the applicability of section 50-i to death actions. In Phillips it made little difference whether the one-year and 90-day period or the two-year limitation applied.
 The Legislature evidently intended that section 50-i of the General Municipal Law, standing alone, was not controlling in wrongful death actions against municipalities, and this court holds that, by fair construction, this section has no application to the case at bar.
Plaintiffs’ motion is granted. The third affirmative defense contained in the amended answer alleging a limitations period of one year and 90 days is dismissed.