■ ANTE KOJIC, Respondent-Appellant, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON CO. OF NEW YORK, INC., Appellant-Respondent. NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Respondent; C & L PAINTING CO., INC., Third-Party Defendant-Respondent-

Appellant.—In a negligence action to recover damages for personal injuries, (1) defendant Consolidated Edison Co. of New York, Inc. (Con Edison), appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Queens County, dated March 8, 1979, as (a) was in favor of plaintiff and against it on the issue of liability, upon a jury verdict, (b) failed to grant it full recovery against C & L Painting Co., Inc. (C & L Painting), and (c) dismissed its cross complaint against the Transit Authority; (2) third-party defendant C & L Painting cross-appeals, as limited by its brief, from so much of the same interlocutory judgment as, upon the jury verdict, (a) was in favor of Con Edison and against it, and (b) apportioned damages at 20% for Con Edison and 80% for C & L Painting; and (3) plaintiff cross-appeals from so much of said interlocutory judgment as dismissed its complaint against the Transit Authority. Interlocutory judgment modified, on the law, by deleting therefrom (1) the third decretal paragraph, (2) so much of the fourth decretal paragraph as dismissed the complaint against the Transit Authority, and (3) so much of the sixth decretal paragraph as dismissed the cross complaint of Con Edison against the Transit Authority. As so modified, interlocutory judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Trial Term for a new trial, in which all parties except the City of New York shall participate, which trial shall be limited to the issue of liability on (1) the plaintiff's complaint against the Transit Authority, (2) the third-party complaint against C & L Painting, and (3) the cross complaints of the Transit Authority and Con Edison against each other. If the jury on the new trial of the liability issue should absolve the Transit Authority of negligence and find in its favor as against plaintiff, damages shall be apportioned between Con Edison and C & L Painting in the same manner as in the interlocutory judgment herein appealed, and the trial court is then to proceed to an assessment of plaintiff's damages as against those parties. If the jury should find in favor of plaintiff and against the Transit Authority, a new apportionment of damages shall be made among the Transit Authority, Con Edison & C & L Painting, after which the trial court shall proceed to an assessment of damages as against those parties. The defendant Transit Authority engaged third-party defendant C & L Painting to paint an elevated railroad structure located in Brooklyn, New York. C & L Painting assigned plaintiff to the job. Pursuant to this assignment, on July 16, 1969 plaintiff was painting a section of the railroad structure near the intersection of Ridgewood Avenue and Crescent Street when the scaffold on which he was working collapsed, causing him to sustain serious injuries. Plaintiff thereafter commenced the instant action naming as defendants, pertinently, the Transit Authority and Con Edison. Essentially, it was plaintiff's theory that a house service line maintained by Con Edison had come into contact with one of the steel cables supporting the scaffold on which he was working, causing the cable to sever and the scaffold to collapse. The Transit Authority initiated a third-party action against C & L Painting, and cross-claimed against Con Edison. Con Edison cross-claimed against both the Transit Authority and C & L Painting. C & L Painting, in turn, cross-claimed against Con Edison. During the ensuing jury trial, limited to the issues of liability and apportionment of damages, the court dismissed the complaint against the Transit Authority and, consequently, the Transit Authority's third-party complaint and Con Edison's cross complaint against the Transit Authority. We assume that the Transit Authority's cross complaint against Con Edison was also dismissed, although the trial court made no specific disposition of this pleading. Thereafter, the jury returned a

verdict finding Con Edison and C & L Painting negligent, and apportioning damages, 20% to Con Edison, 80% to C & L Painting. Con Edison, C & L Painting and plaintiff cross-appeal from adverse portions of the ensuing judgment. Plaintiff and Con Edison argue that the trial court erred in dismissing their respective pleadings against the Transit Authority. We agree, although not for the reasons set forth by the parties. As a general rule, one who engages an independent contractor to do work is not liable for the latter's negligence in performance (see Restatement, Torts 2d, § 409). However, there are a number of settled exceptions to this rule. One such exception is that a hirer may be responsible for a dangerous condition negligently created by an independent contractor if the hirer had actual or constructive notice of the condition (see *Schwartz v Merola Bros. Constr. Corp.*, 290 NY 145). At the trial, plaintiff's first witness was one Charles Dunne, who at the time of the accident was a painting inspector for the Transit Authority. Dunne testified that his primary task at that time was to inspect the work of C & L Painting to see that it was properly done. However, his duties also included the observation of any electrical wires in the vicinity of the painting job. About one week prior to plaintiff's accident, Dunne observed that in the vicinity of Ridgewood Avenue and Crescent Street, where the accident occurred, C & L Painting had strung its scaffold support cables very close to Con Edison's house service lines. Dunne thereupon called a Mr. Brennan, one of his superiors at the Transit Authority, who, according to Dunne, was "responsible for anything that come [sic] up on the job". Dunne told Brennan of his observation and suggested that Con Edison be called to determine if it was safe for the painters to go on the scaffolding. This testimony was more than adequate to create a jury question as to whether the Transit Authority had actual notice of the dangerous condition created by C & L Painting, the same dangerous condition which apparently caused plaintiff's accident. Consequently, the issue of the Transit Authority's liability should have been submitted to the jury on this theory. A hirer may also be liable for the negligence of an independent contractor where there was danger to others inherent in the work and the hirer reasonably should have anticipated, from the nature of the work, that it would be dangerous to others (see *Horn v State of New York*, 31 AD2d 364; 1 PJI [2d ed], § 2:256; Restatement, Torts 2d, § 427). Again, a review of the record reveals evidence sufficient to create a question for the jury as to whether the Transit Authority was liable to the plaintiff on such a theory. Since the jury could reasonably have found the Transit Authority vicariously responsible to plaintiff for C & L Painting's negligence on either or both of the above theories it was error for the trial court to dismiss the complaint against the Transit Authority, and plaintiff is entitled to a new trial thereon. Consequently, Con Edison's cross complaint against the Transit Authority, the Transit Authority's cross complaint against Con Edison and the Transit Authority's third-party complaint must be reinstated as well. We have considered the arguments raised by Con Edison and C & L Painting with respect to both liability and the apportionment of damages, and we find them to be without merit. Accordingly, the retrial shall be limited to the issue of the liability of the Transit Authority only. However, in order to avoid any possible prejudice to Con Edison and C & L Painting, they shall be permitted to participate therein. At the retrial, should the Transit Authority be absolved of responsibility for C & L Painting's negligence, then damages shall be apportioned between Con Edison and C & L Painting in the same manner as in the interlocutory judgment herein appealed and the court shall then proceed to an assessment of damages

against those parties. Should the Transit Authority be found vicariously responsible for C & L Painting's negligence, a new apportionment of damages shall be made among the Transit Authority, Con Edison and C & L Painting after which the court shall proceed to an assessment of damages against those parties. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.