OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to that court for a determination whether to allow plaintiff to file a corrected notice of claim pursuant to subdivision 6 of section 50-e of the General Municipal Law. (See Winbush v City of Mount Vernon, 306 NY 327.)
Plaintiff’s action for the wrongful death of her husband allegedly caused by the negligence of the defendant City of New York is not subject to the one-year and 90-day limitations period set forth in former subdivision 1 of section 50-i of the General Municipal Law. That statute only applies to actions against municipalities “for personal injury or damage to real or personal property” and, unlike the statutes involved in the principal cases relied upon by the Appellate Division (e.g., Public Authorities Law, § 1212; Town Law, §67), contains no express reference to claims for the “death” of a person. Contrary to defendant’s assertion, the term “personal injury” does not include within its scope actions for wrongful death. (General Construction Law, § 37-a.) Plaintiff’s claim against the defendant city is governed by the two-year limitations period for wrongful death actions found in EPTL 5-4.1, and, therefore, her *648 action should not have been dismissed. (Accord Priebe v City of Canandaigua, 91 Misc 2d 1047; but cf. Hawkins v County of Oneida, 297 NY 393 [applying former County Law, §6].)
It should be noted that subdivision 1 of section 50-i of the General Municipal Law recently has been amended to provide specifically for the inclusion of a two-year limitations period in wrongful death actions against municipalities. (L 1981, ch 738, §2, eff Sept. 1, 1981.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.