BENEDETTA PULIAFICO, as Widow and Next of Kin of CARMELLO PULIAFICO, Deceased, et al., Respondents, v CITY OF NEW YORK et al., Appellants. — Order, Supreme Court, New York County (Wallach, J.), entered on August 28, 1980, granting plaintiffs' motion to the extent of striking the defendants' Statute of Limitations defense with regard to the first and third causes of action,

granting defendants' cross motion to the extent of dismissing plaintiffs' second cause of action, and staying all action until plaintiff Benedetta Puliafico appears for an examination pursuant to section 50-h of the General Municipal Law, is modified, on the law, without costs, and plaintiffs' third cause of action for loss of consortium is hereby dismissed and that portion of the order staying all further proceedings until plaintiff Benedetta Puliafico appears for examination is vacated, and otherwise affirmed. On or about February 28, 1980, plaintiffs commenced an action against the City of New York and Anthony Polito, the driver of a vehicle owned and operated by the Department of Sanitation which had allegedly struck one Carmello Puliafico on March 3, 1978, thereby causing his wrongful death. After plaintiffs filed a notice of claim with the city (on May 23, 1978), the City of New York demanded a Comptroller's hearing, which was scheduled for July 20, 1978. The defendant claims that plaintiffs simply failed to show up, while plaintiffs contend that on the day prior to that set for the hearing, a paralegal employed by their counsel contacted defendant to request an adjournment and was advised that plaintiffs need not appear. She was also told that if the city were to reconsider its decision, plaintiffs would receive a new notice. Defendant denies that this ever occurred and has asserted as affirmative defenses that plaintiffs did not submit to the examination required by section 50-h of the General Municipal Law and that the action had not been instituted within the statutory one-year 90-day period prescribed by section 50-i of the General Municipal Law. Special Term granted without opposition defendant's motion to dismiss the second cause of action for conscious pain and suffering, since plaintiffs conceded that the Statute of Limitations was applicable here. However, plaintiffs argued that the first cause of action for wrongful death was governed by the two-year Statute of Limitations in EPTL 5-4.1 and not by section 50-i of the General Municipal Law. The plaintiffs also asserted that the city had waived its right to a hearing. The court below agreed that the two-year Statute of Limitations was determinative and, absent a clear showing that plaintiffs were at fault, also declined to dismiss the wrongful death action for noncompliance with section 50-h of the General Municipal Law. The issues on appeal are, thus, whether plaintiffs' causes of action for wrongful death and loss of consortium (third cause of action) are timely and whether dismissal of the complaint is mandated by the plaintiffs' failure to undergo an examination. Section 50-i of the General Municipal Law has been amended so that effective September 1, 1981, no action or special proceeding shall be maintained for "personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act" of certain enumerated political entities unless a notice of claim has been made in accordance with section 50-e of the General Municipal Law and the action has been commenced within one year and 90 days, except for wrongful death which must be brought within two years. Prior to September 1, 1981, and at the time the instant suit was initiated, section 50-i of the General Municipal Law did not specifically refer to wrongful death, but covered "personal injury or damage to real or personal property". The Court of Appeals, in the recent case of *Collins v City of New York* (55 NY2d 646) held that the term "personal injury" does not include within its scope actions for wrongful death, and therefore the two-year limitations period contained within EPTL 5-4.1 controls. Thus, plaintiffs' cause of action for wrongful death was timely, and this was conceded by the defendant during oral argument. The second cause of action for pain and suffering does come within the ambit of section 50-i of the General Municipal Law and was properly dismissed. Plaintiffs do not contest the ruling on this point, nor do they seem to dispute the fact that since loss of consortium is derived from an

action for conscious pain and suffering, there can be no recovery based on wrongful death. (*Liff v Schildkrout,* 49 NY2d 622.) Consequently, plaintiffs' third cause of action for loss of consortium is dismissed. As for the question of whether plaintiffs wrongfully failed to comply with section 50-h of the General Municipal Law, section 50-i, before its amendment, stated that "[n]o action or special proceeding shall be prosecuted or maintained * * * for personal injury or damage to real or personal property" without a notice of claim. In view of the fact that prior to September 1, 1981, section 50-i did not encompass an action for wrongful death, and no notice of claim needed to be made, section 50-h of the General Municipal Law is inapplicable here. That being the case, the portion of the order requiring plaintiffs to appear for examination is vacated. However, were it to be found that an examination was required, we have determined that there was an adjournment, and plaintiff is not in default. Concur — Murphy, P. J., Kupferman, Markewich, Bloom and Milonas, JJ.