OPINION OF THE COURT
Bernard F. McCaffrey, J.
The defendant Robert Turoff, M.D., seeks an order pursuant to CPLR 2221 granting a motion to renew said defendant’s motion to dismiss the complaint against him upon the grounds that upon said defendant’s affidavit it is established that he treated plaintiff solely as an employee of the defendant County of Nassau, pursuant to section 50-d of the General Municipal Law.
The motion to renew is granted, and upon such renewal, the motion to dismiss as to defendant Turoff is granted.
It is the position of the plaintiff in this matter that, in an action against a municipality and its alleged employee, where the plaintiff has timely served within 90 days a notice of claim on the municipality and has timely served within one year and 90 days a summons and complaint on the municipality, the requirements of sections 50-e and 50-i of the General Municipal Law are satisfied as to both the municipality and the municipal employee. That may be true as to section 50-e of the General Municipal Law, but it is not so in the case of section 50-i of the General Municipal Law. The cases relied upon by plaintiff (Sandak v Tuxedo Union School Dist. No. 3, 308 NY 226; Schiavone v County of Nassau, 51 AD2d 980) deal with the filing of a notice of *90 claim and indicate that, in an action involving negligence (Sandak v Tuxedo Union School Dist. No. 3) and malpractice (Schiavone v County of Nassau) a timely notice of claim is required to be served only upon the public corporation, and that it is not necessary to serve a notice of claim upon said corporation’s employees against whom suit is also brought. However, it does appear that the provision of section 50-i of the General Municipal Law, which requires that the action must be commenced within one year and 90 days after the accident, applies not only to an action against the municipality, but also to an action against the municipality’s employee, in an action such as that in the case at bar. (Hahin v City of Buffalo, 41 Misc 2d 1018; Fitzgerald v Lyons, 39 AD2d 473.) The time for commencement of an action is controlled as against all defendants by sections 50-e and 50-i of the General Municipal Law. The individual defendants are in the same capacity as the municipality for this purpose, if this is a true case of indemnification. (Sorge v City of New York, 56 Misc 2d 414.) The defendant Turoff is entitled to the protection afforded by the short Statute of Limitations contained in section 50-i of the General Municipal Law, and the action, not being commenced as to Turoff within one year and 90 days of the accident, is barred by the statute as to said defendant. Accordingly, as to defendant, Turoff, the motion to dismiss the complaint is granted.