STEPHEN D. NAGY et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 65740.)

Third Department, October 28, 1982

APPEARANCES OF COUNSEL

*Gellert & Cutler, P. C.* (*Stephen E. Ehlers* and *George D. Marlow* of counsel), for Stephen D. Nagy and another, appellants-respondents.

*Robert Abrams, Attorney-General* (*Asher Marcus* and *Peter J. Johnson* of counsel, *Leahey & Johnson, P. C.*), for respondent-appellant.

OPINION OF THE COURT

SWEENEY, J. P.

Yonkers Contracting Co., Inc. (Yonkers) was engaged as the general contractor in the construction of a highway on land owned by defendant State of New York. Claimant, an employee of Yonkers, was assisting in preparations for blasting a boulder and was experienced in blasting operations. While so engaged on October 31, 1980, explosives were detonated and claimant was hit in the head by a rock propelled through the air as a result of the blast. He sustained severe personal injuries. He and his wife filed

the instant claim against the State. After the State answered and a bill of particulars was served, claimants moved for summary judgment on the issue of liability contending that the State was strictly liable as a landowner for claimant's injuries. The State cross-moved for summary judgment dismissing the claim. The court denied both motions and the instant appeals ensued.

Generally a contractee of an independent contractor is not responsible for the torts of its independent contractor (*McDonald v Shell Oil Co.*, 20 NY2d 160, 166) but may be held liable if the work to be done is "inherently dangerous" (*Wright v Tudor City Twelfth Unit*, 276 NY 303). Blasting is an inherently dangerous activity and imposes absolute liability on those who engage in it (*Spano v Perini Corp.*, 25 NY2d 11). The critical distinction in the present case from *Spano* and other cases relied upon by plaintiff is that the person injured was an employee of the independent contractor engaged in the inherently dangerous activity. Our research has revealed only one New York court case holding that a contractee could be liable to an employee of an independent contractor for injuries resulting from inherently dangerous work carried on by the independent contractor (*Kojic v City of New York*, 76 AD2d 828). The court in *Kojic*, however, did not discuss the significance of the fact that the plaintiff therein was an employee of the independent contractor and not a "passerby" uninvolved with the dangerous activity being conducted (*Kojic v City of New York, supra*). In our view, the status of the injured party is of paramount importance and requires a contrary conclusion. We are of the opinion that logic and reason mandate that absolute liability should not extend to the owner of land for injuries sustained by an employee of an independent contractor engaged in an inherently dangerous activity. The independent contractor controls the dangerous activities and the employee of the independent contractor knowingly participates in the dangerous activities and assumes the obvious risks and dangers of his employment. If absolute liability is to be extended to include the owner of the land where he does not participate in the dangerous activities and the injured party is not a member of the general public but a participant in the

dangerous activities, then we are of the view that such extension should come from the Legislature whereby the specific duties of the owner can be set forth such as has been done by the Legislature under similar circumstances (see Labor Law, §§ 240, 241). Consequently, partial summary judgment should have been granted to the State on the issue of the State's absolute liability.

Concerning the State's cross motion to dismiss the claim, the record reveals that claimants have alleged theories of recovery based on sections 200 and 241 of the Labor Law. The record also demonstrates that both parties' papers are deficient with respect to these issues and, therefore, complete summary judgment was properly denied to both parties (see *Wolf v Heating Maintenance Corp. of N. Y.,* 20 AD2d 861).

The order should be modified, on the law, by granting partial summary judgment to the State on the issue of the State's absolute liability, and, as so modified, affirmed, without costs.

KANE, MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order modified, on the law, by granting partial summary judgment to the State on the issue of the State's absolute liability, and, as so modified, affirmed, without costs.