OPINION OF THE COURT
Edward J. Amann, Jr., J.
In the present motion the claimant seeks summary judgment under sections 240 and 241 of the Labor Law. The defendant cross-moves for an order denying the claimant’s motion for summary judgment and granting the defendant’s cross motion for dismissal of the claim pursuant to CPLR 3211 (subd [a], par 7) and 3212.
The incident giving rise to the instant claim took place on May 13,1982, when Mr. Pastoriza fell while working on the restoration of the Westside Highway, also known as the Henry Hudson Parkway. At the time, Mr. Pastoriza was a carpenter employed by the Yonkers Contracting Corp. The contracting corporation had entered into a contract with the State of New York on July 14, 1981, to *482 reconstruct a portion of the Henry Hudson Parkway between St. Clair Place and West 144th Street. While acting in his capacity as a carpenter, Mr. Pastoriza fell from an open-sided deck. As a result of the injuries sustained in the fall, he died later that day, May 13, 1982. The claimant alleges that at the time of the fall, Mr. Pastoriza was on the open-sided deck, approximately 40 feet above the ground and adjacent to a viaduct opening. The claim also alleges that neither a safety line nor a belt had been issued to him. It is also alleged that no anchor outlets for lifelines were in place, no safety rails had been installed on the open-sided deck, and no safety net had been placed beneath the area from which he fell.
In opposing the claimant’s motion and in supporting its own motion, the defendant has set forth four arguments. The first argument is that since the instant highway project is Federally funded, the State should not be subject to the Labor Law. Therefore, the contractor, engaged by the State’s Department of Transportation, should be solely responsible for the decedent’s death. Next, counsel for the defendant argues that a prior case, Nagy v State of New York (89 AD2d 199), is controlling and requires that the present claim be dismissed. Counsel for the defendant also argues that the State’s liability is governed solely by section 58 of the Highway Law. Finally, it is argued that the Labor Law does not apply because the State does not determine: “whether ‘this’ contractor or ‘that’ contractor does his work in a careful manner.”
Defendant’s first argument, namely, that the State is not subject to the Labor Law, because the project is Federally funded, is clearly without merit. The very case cited by the claimant in its second argument, Nagy v State of New York (supra) indicated that the claimant might have a viable cause of action under the Labor Law.[1] Therefore, it is apparent that in a Federally funded project, the sections of the Labor Law have application.
The second argument of defendant’s is that Nagy v State of New York (supra) is controlling on the issue on whether *483 or not the Labor Law applies. The Nagy case, also involved the Yonkers Contracting Corp., and one of its employees who was injured while engaged in what the court described as an “inherently dangerous activity” (89 AD2d 199, 200). The Appellate Division did not indicate that a claim under the Labor Law should be dismissed. On the contrary, the court declined to grant the State’s cross motion to dismiss the claim, because the claimant alleged theories of recovery under sections of the Labor Law. Again, it is clear that the Labor Law has applicability to the matter presently before the court.
In his third argument, counsel for the defendant raises the issue as to whether or not section 58 of the Highway Law governs the State’s liability. Section 58 of the Highway Law states as follows: “[t]he state shall not be liable for damages suffered by any person from defects in state highways, except between the first day of May and the fifteenth day of November on such highways as are maintained by the state under such system as the commissioner of transportation may adopt pursuant to section twelve, but the liability for such damages shall otherwise remain as now provided by law, notwithstanding the construction or improvement and maintenance of such highways by the state under this chapter” (emphasis added).
A fair reading of the section indicates that it relates only to defects in the State’s highways which give rise to damages. The claimant does not indicate in the present claim that the injuries were suffered as a result of a defect in the State highway, but, rather, from a breach of duties prescribed by the Labor Law. All of the cases cited by the defendant in support of its position are clearly distinguishable. Lopes v Rostad (45 NY2d 617) was predicated upon a duty created by sections 102 and 139 of the Highway Law. It did not attempt to determine whether or not various sections of the Labor Law applied. Ramos v State of New York (34 AD2d 1056) dealt with an earlier subdivision of former section 240 of the Labor Law and is not applicable to the law as presently amended. The same is true of Curtis v State of New York (27 AD2d 628). Similarly, Olson v 480 Park Ave. Corp. (12 AD2d 960) dealt with an interpretation of section 241 of the Labor Law as it existed in 1958. *484 Hawkins v Oneida County (297 NY 393) dealt with an interpretation under section 6 of the County Law, prior to the 1969 amendment of sections 240 and 241 of the Labor Law.
It should also be noted that the instant claim involves a rehabilitation of the highway. Section 58 of the Highway Law, as written, contemplates a highway which has been completed. As counsel for the defendant argued in his brief in Nagy (supra), the claimant sustained his injuries in a construction project; “[tjhere was no highway here. It was being constructed.” The very same situation exists in the present claim, the claimant was injured on a construction project, and not by means of a defect in the highway. Accordingly, the court finds that section 58 of the Highway Law does not apply.
Finally, the attorney for the defendant argues that the State should not be held liable because its decision on hiring a contractor is based upon the lowest bid and that it therefore has no control over the contractor’s practices and methods of construction. Clearly this is untrue. The contract which is annexed to the defendant’s affirmation in opposition, sets forth a number of circumstances under which the State may either halt construction or withhold moneys payable to the contractor if he fails to comply with the applicable Federal, State and local regulations governing safety, health and sanitation.
Similarly, the statute itself, as amended, does not require control in order to impose liability. (Haimes v New York Tel. Co., 46 NY2d 132.) Based upon the above, it is quite clear that all of the arguments raised by the counsel for the defendant are invalid and do not apply to the present situation. Therefore, the court must determine if the claimant has met the requirements for the granting of a motion for summary judgment. The statute in question, CPLR 3212 (subd [b]), requires that: “[t]he motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” The statute also notes that: “the motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact” (CPLR *485 3212, subd [b]) other than an “issue [as] to the amount or extent of damages”. (CPLR 3212, subd [c].)
In order to sustain a cause of action under section 240 of the Labor Law, the claimant must prove that the statute was violated and that the defendant’s violating it was the proximate cause of the claimant’s • damages. (Smith v Hooker Chems. & Plastics Corp., 89 AD2d 361, 363.) Here, the affidavit of the decedent’s co-worker provides evidence of the violation of section 240, as well as the fact that the failure to provide the safety equipment was the proximate cause of the claimant’s damages.
It should also be noted that the defendant has failed to allege any substantial factual issue that would require the court to deny the instant motion.[2]
Accordingly, the court grants the claimant’s motion as to section 240 of the Labor Law. It denies the motion as to section 241. The defense of comparative negligence, which the defendant raised in its answer, raises a factual issue because it is a partial defense to an action under that section.
The court also denies the State’s cross motion to dismiss.

. The court did not pass upon the meritoriousness of the claimant’s theory of recovery, because it was a motion for summary judgment and the papers were deficient with respect to that issue.

. The only issue brought to the court’s attention is whether or not the defendant acted as the owner or agent in contracting out the work. Given the language of section 240 of the Labor Law, liability would attach regardless of the defendant’s status.