## (March 19, 1984)

■ ROSARIO ALESSI, as Administratrix of the Estate of RANDY ALESSI, Deceased, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendants. — In an action to recover damages, *inter alia,* for wrongful death, defendants County of Nassau, Harrison, Fresse, De Benedetto and Williams appeal from (1) so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated January 10, 1983, as, in effect, denied those branches of their motion which sought dismissal of the first and third causes of action in the complaint as against them upon the ground that such causes of action were barred by the Statute of Limitations and (2) an order of the same court, dated April 11, 1983,

which denied their motion for reargument and renewal of those branches of their motion. ¶ Order dated January 10, 1983, modified, on the law, by deleting the provision denying that branch of the motion which sought dismissal of plaintiff's third cause of action based upon lack of informed consent, substituting therefor a provision granting that branch of the motion and dismissing said third cause of action. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. ¶ Appeal from the order dated April 11, 1983 dismissed, without costs or disbursements. Since no new proof was submitted to Special Term, the motion was in the nature of reargument. No appeal lies from an order denying reargument. ¶ Special Term correctly held that the Statute of Limitations was tolled from January 20, 1980 to December 31, 1981, the period during which plaintiff sought and obtained permission to file a late notice of claim (*Matter of Alessi v County of Nassau*, 85 AD2d 725; see *Giblin v Nassau County Med. Center*, 61 NY2d 67), and that, while the cause of action for wrongful death was timely, having been commenced within two years of the decedent's death (General Municipal Law, § 50-i; *Collins v City of New York*, 55 NY2d 646; cf. *Brennan v City of New York*, 59 NY2d 791, 793), the cause of action for conscious pain and suffering was untimely as it was not commenced within the one-year and 90-day period of limitation specified by section 50-i of the General Municipal Law (*Puliafico v City of New York*, 87 AD2d 512; cf. *Pierson v City of New York*, 56 NY2d 950). However, the third cause of action, seeking damages for medical malpractice based on a claim of lack of informed consent (see 1 PJI2d 164-165 [Nov., 1983 Cum Supp]), should have been dismissed as it, too, is governed by the one-year and 90-day period of limitation (General Municipal Law, § 50-i; see, *Wahrmann v County of Nassau*, 114 Misc 2d 89). Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.