■ In the Matter of LELAND FOX AND JOHN MURPHY, INC., Doing Business as FOX AND MURPHY. SAMUEL P. FRANKEL, as Assignee of LELAND FOX AND JOHN MURPHY, INC., Appellant; KEY BANK, N. A., Respondent. — Mikoll, J. Appeal from an order of the County Court of Schenectady County (Stroebel, Jr., J.), entered October 23, 1984, which denied the assignee's application pursuant to Debtor and Creditor Law article 2 for an order requiring all general creditors of the assignor to repay a portion of the final dividend paid to them in the settlement of the assignor's estate.

The assignor, Leland Fox and John Murphy, Inc., transferred all of its property by a general assignment to the assignee, Samuel P. Frankel, in trust for the benefit of its creditors. Included among those creditors was the State Department of Taxation and Finance which presented a priority claim of $4,799.25. Key Bank, N. A., presented a general claim of $26,571.25.

The assignee's final accounting of the estate was confirmed by an order of County Court. The department was found to be

entitled to its full claim as a priority creditor. General creditors were allowed a first and final dividend of 12.85925%, giving Key Bank $2,066.31 of its claim. Payment to the general creditors was made on July 23, 1984; however, the department's priority claim was not paid.

Thereafter, the assignee sought by order to show cause to have all of the general creditors return a pro rata portion of the final dividend paid in order to satisfy the department's $4,799.25 priority claim. This application was opposed on the grounds, *inter alia,* that the assignee was in effect presenting a motion to reargue the earlier motion for the confirmation of the final accounting. The motion to reargue was also opposed on the basis that it was untimely since it was not made within the time to appeal from the earlier order of confirmation. County Court denied the application from the Bench without opinion. An order of denial was entered from which the assignee appeals.

The record does not indicate County Court's basis for denying the assignee's application. However, regardless of whether County Court based its decision on procedural grounds, i.e., the motion to reargue was untimely as the time to appeal the prior order had passed, or on the merits, i.e., the assignee was not entitled to equitable relief under the circumstances, there should be an affirmance.

If the application of the assignee is viewed as a motion for reargument, an affirmance is required since the denial of a motion to reargue is not appealable (*Fluman v TSS Dept. Stores,* 100 AD2d 838; *Alessi v County of Nassau,* 100 AD2d 561, 562). If treated as a motion to renew, its denial was proper since the moving assignee failed to offer an adequate explanation as to why the priority claim was unpaid (*see, Caffee v Arnold,* 104 AD2d 352; *Foley v Roche,* 68 AD2d 558, 568). The final accounting recognized that the priority claim was in existence. The general creditors' dividend was determined on the basis of the priority claim. The assignee does not explain how the allocation made in the final accounting to this priority claim was expended.

Substantively, County Court has the authority in such cases to exercise the powers of a court of equity in regards to the trust (Debtor and Creditor Law §§ 3, 20). The equitable remedy of restitution has been found applicable in circumstances where money is paid under a mistake of fact and equity and good conscience would indicate that the money should be returned (*Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, 421, *cert denied* 414 US 829, *mod* 31 NY2d 678; *Spallina v Giannoccaro,* 98 AD2d 103, 105, *appeal dismissed* 62 NY2d 646).

In the case at bar, Key Bank was not involved in the improper allocation of the assets of the estate and is innocent of any improper conduct in the mistaken payment. The explanation of the assignee for the nonpayment of the priority claim is inadequate and incomplete. Circumstances may exist entitling the assignee to restitution of the overpayment claimed, but they have not been presented here. Thus, restitution is not warranted based on the offered explanation of the assignee. As to the claim of unjust enrichment, restitution is not required as the circumstances do not establish the gain as unjust (*see, McGarth v Hilding,* 41 NY2d 625, 629).

Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Harvey, JJ., concur; Main, J., not taking part.