■ ANNA BULA et al., Appellants, v ANNA SCALERO, Respondent. [601 NYS2d 171] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jackson, J.), dated March 11, 1991, which, upon a jury verdict in favor of the defendant and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs Anna Bula and Sigmund Bula commenced the instant action to recover damages for injuries sustained by Anna when she tripped and fell on three cement stairs leading from the defendant's one-family home located in Floral Park, Queens. It was adduced at trial that the staircase was 66 inches wide. Testimony by the plaintiffs' expert witnesses established that, inasmuch as the staircase was wider than 44 inches, the New York State Building Code required handrails on both sides *(see,* 9 NYCRR 735.3 [a] [10]; Administrative Code of City of NY §§ 27-375, 27-376). The stairway in the instant case contained a left side handrail only.

The jury returned a verdict in favor of the defendant, unanimously finding that she was not negligent. The plaintiffs moved to set aside the verdict, alleging that it was against the weight of the evidence and that the court erred in failing to charge the jury that the defendant could be found vicariously liable for a defect in the design or construction of the stairway attributable to independent contractors. The court denied the plaintiffs' motion. We agree.

Contrary to the plaintiffs' contentions, we find that the jury's verdict of no liability on the part of the defendant was fully supported by the record *(see, Nicastro v Park,* 113 AD2d 129). Under the facts and circumstances of the instant case, where there is no evidence that the defendant home owner had any notice of the allegedly defective condition, we discern no basis for failing to apply the general rule that one who engages an independent contractor to do work is not liable for the latter's negligence in performance *(see, Kojic v City of New York,* 76 AD2d 828). Thus, despite the fact that the stairway in question was not constructed in accordance with the New York State Building Code, it was within the province of the

jury to find that a home owner should not be held responsible for such a defect *(cf., Thomassen v J & K Diner,* 152 AD2d 421).

We have examined the court's charge to jury and find that it was proper *(see, Bjelicic v Lynned Realty Corp.,* 152 AD2d 151; *Conte v Large Scale Dev. Corp.,* 10 NY2d 20). Thompson, J. P., Balletta, Ritter and Pizzuto, JJ., concur.