S. Samuel Di Falco, S.
In the judgment of the court, the best interests of the estate will be promoted by the appointment of the petitioner, the father of the decedents. Limited letters of administration will accordingly be granted to him in each estate. (Surrogate’s Ct. Act, § 118.)
The respondent, who is the mother of the decedents, contends that in the decree of divorce which she obtained in Puerto Rico against the petitioner, it was decreed that respondent “ will keep the patria potestas over her minor children * * * she being willing that said children — remain as up to the present under the custody of the defendant.” She argues that as a result of that decree, the children retained their domicile in Puerto Rico notwithstanding that they lived with their father in New York, and that Puerto Rico, therefore, is the proper jurisdiction for the appointment of an administrator of the property of each decedent. Insofar as this record shows, no appointment of a personal representative was ever made by any court in Puerto Rico or in any other jurisdiction. We need not now make any determination as to the legal domicile of the decedents. They died in the County of New York. A cause of action for causing their death is asserted against the City of New York and the owner of the premises in which they lived. The cause of action against the City of New York has its situs in this State. (Surrogate’s Ct. Act, § 47.) The cause of action is granted by this State. (Decedent Estate Law, § 130.) The County of New York has jurisdiction to grant letters, exclusive *682 of every other comity within the State, by virtue of the occurrence of death herein, (Surrogate’s Ct. Act, § 45, subd. 2.) The decedents apparently have no property in any other jurisdiction.
The respondent has failed to establish her allegation that petitioner was convicted of a felony. In any event, the facts asserted by her in her answer, even if she had proved them, would not disqualify petitioner. (Matter of Cohen, 164 Misc. 98,101, affd. 254 App. Div. 571, affd. 278 N. Y. 584.)
Submit decree on notice accordingly.