Frank D. Paulo, S.
The petitioner, Victor Aponte, a resident of Puerto Rico and a maternal grandparent of the deceased infant, Tracy Lynn Mullins, has applied to this court for limited letters of administration. The petition alleges that the decedent *602 died in this county, but left no real or personal property here. The petition further alleges that there exists a cause of action for wrongful death against United Airlines, Trans World Airlines and the United States of America. The cause of action arises out of the tragic disaster involving a midair collision of two airplanes which occurred on December 16, 1960. The deceased infant at the time of his death was a resident of Dayton, Ohio.
Section 45 of the Surrogate’s Court Act confers jurisdiction on the Surrogate’s Court of each county, exclusive of every other Surrogate’s Court, to take proof of a will, grant letters testamentary thereupon or grant letters of administration in certain cases specified thereunder. Subdivision 2 of section 45 provides that where the decedent, not being a resident of the State, died within a county leaving personal property within the State or which has since his death come into the State and remains unadministered, that Surrogate’s Court has exclusive jurisdiction to issue letters of administration or letters testamentary.
Jurisdiction over the estates of nonresident decedents under this section of the Surrogate’s Court Act rests upon the existence of unadministered assets within the State. The petition before the court clearly indicates that there are no assets left by this decedent within this State unless it can be said that the cause of action for wrongful death is such an asset.
Section 130 of the Decedent Estate Law confers upon the personal representative of the decedent the right to bring a cause of action for wrongful death. It is clear under the terms of this statute that the cause of action does not come into existence until a personal representative has been appointed by the court. (Boffe v. Consolidated Tel. & Elec. Subway Co., 171 App. Div. 392, affd. 226 N. Y. 654.) Under the Decedent Estate Law the cause of action is not an asset of the estate of the decedent and the personal representative holds the proceeds obtained through this vehicle as a statutory trustee for those distributees of the decedent who, under the Decedent Estate Law are permitted to take (Central N. Y. Coach Lines v. Syracuse Herald Co., 277 N. Y. 110). The proceeds obtained through any action for wrongful death are not subject to the usual claims of creditors against the estate. (Matter of Ehret, 247 App. Div. 456.) In no sense, therefore, can the court conclude that the right to bring the action for wrongful death is personal property belonging to the decedent at the time of his death so as to serve as the basis for jurisdiction under subdivision 2 of section 45 of the Surrogate’s Court Act, standing alone.
*603 It was because of this and other problems that the Legislature, by chapter 635 of the Laws of 1927, amended section 47 of the Surrogate’s Court Act to provide that for jurisdictional purposes a cause of action against a resident of the State for damages for a wrongful act or negligence causing death is regarded as personal property situated where the proposed defendant or either or two or more proposed joint defendants resides. This amendment enables the Surrogate’s Court to treat a cause of action for wrongful death as personal property provided, however, it is a claim against a resident of the State, This interpretation of the purpose and meaning of the 1927 amendment to section 47 is confirmed by an examination of the documents contained in the Bill Jacket Collection for chapter 635 of the Laws of 1927 on file in the New York State Library, Legislative Reference Section at Albany.
Section 47, as amended, must be read in conjunction with subdivision 2 of section 45 to determine the existence of jurisdiction. (Van Dusen v. Sturm, 257 App. Div. 914; Matter of Cooper, 50 N. Y. S. 2d 905; Matter of Berrios, 17 Misc 2d 681, affd. 9 A D 2d 731, affd. 8 N Y 2d 1086; see, also, Matter of Riggle, 11 A D 2d 51, 53.) In order for the court to issue limited letters of administration where there is a cause of action for wrongful death the claim must be one asserted against a resident of the State. In such a situation where a nonresident has died within the county, the Surrogate’s Court of that county has exclusive jurisdiction to issue letters of administration. There are no allegations set forth in this petition indicating that any of the proposed defendants are residents of the State of New York. Two of the defendants are airlines. No allegation has been made that they are domestic corporations. The other proposed defendant is the United States Government. It cannot be said that the Government of the United States is a resident of the State of New York.
While it may be that ultimately many of the other actions arising out of this disaster will be brought in Federal courts within the metropolitan area of the City of New York and that therefore' it might seem that this petitioner is being subjected to a rather circuitous procedure to arrive at this eventuality, the court, in determining whether it has jurisdiction to act is bound by the statutes as written and must construe these statutes in determining whether jurisdiction exists to issue letters of administration on ■ this ■ petition. (See Cooper v. American Airlines, 149 F. 2d 355; Decedent Estate Law, §§ 130, 160.) The petition is denied.