Saul S. Streit, J.
Plaintiffs move for judgment on the pleadings in an action for a declaratory judgment, and dismissing each counterclaim, on the grounds that there is no legal defense, and that the counterclaims are insufficient, and the defendant does not have legal capacity to recover on the counterclaims.
Claims were presented to defendant by “insured persons” under the indorsement attached to their automobile liability insurance policy, as required by section 167 of the Insurance Law. The defendant made voluntary payments without action or arbitration for the personal injuries sustained as a result of an automobile accident allegedly caused by the plaintiffs herein, who happen to be “ financially irresponsible motorists.”
By their action, plaintiffs seek a declaratory judgment decreeing that the defendant does not have the right, power or authority to prosecute an action against a “financially irresponsible motorist,” where the defendant has made a settlement with a “ claimant” who is an “insured,” as defined in subdivision i of section 601 of the Insurance Law; that the assignments obtained by the defendant from the “ insured ” are void.
The defendant had not instituted any action. However, in answer to action herein, the defendant has asserted four counterclaims; one on the assignment, one based on the claim that the defendant is the beneficiary of a trust, one based on a claim of right to indemnity, and one in subrogation.
In essence, then, the defendant is attempting to do what the plaintiff seeks to have decreed it has no right to do. Both sides concede that there is a justiciable controversy. It is recognized that on an occasion where the facts are conceded the court has reached the merits of a declaratory judgment con *1050 troversy upon a motion to test the sufficiency of the complaint. (Hoffman v. City of Syracuse, 2 N Y 2d 484.) This right to sue herein is decided upon a question of law.
The defendant’s right, if any, stems from section 167 of the Insurance Law. Sections 600 to 626 of the Insurance Law refer to and concern “ qualified ” persons (§ 605, subd. [c]) as distinguished from ‘ ‘ insured ’ ’ persons covered under section 167.
Section 41 of the Personal Property Law holds void an assignment of accident claims unless there is a specific section permitting the assignment. (Commissioners of State Ins. Fund v. Low, 285 App. Div. 525.)
There is no specific section permitting an assignment of the “ insured’s rights ” under section 167. Sections 600 to 626 do not cover payments to an ‘1 insured person. ’ ’
Therefore, any assignment by the “ insured ” to the defendant herein is void. The first counterclaim is dismissed for failure to state facts sufficient to constitute a cause of action.
As to the second counterclaim, the trust relied on is part of the indorsement made part of the policy. The provision of section 7 thereof does not create a trust for the benefit of defendant to the extent of conferring on it any right of action against a ‘ ‘ financially irresponsible motorist. ’ ’ It may require that the “ insured ” sue and it may supervise the litigation, and become a beneficiary of the proceeds thereof to the extent of reimbursement of moneys paid on the claims.
Accordingly, the second counterclaim is dismissed for failure to state facts sufficient to constitute a cause of action.
Under section 167 of the Insurance Law, the defendant was obligated to make payments to an injured insured party in accordance with the terms of the policy. There is no requirement that the injured party sue the insurer or require an arbitration proceeding. These are matters strictly between the insured and the insurer.
In Dunn v. Uvalde Asphalt Paving Co. (175 N. Y. 214) the court held that the person guilty of negligence is charged with the responsibility for his wrongful act, not only directly to the party injured, but indirectly to a person who is legally liable therefor. The wrongdoer stands in the relation of indemnitor to the person who has been legally liable, and the right to indemnity rests upon the principle that everyone is responsible for the consequences of his own wrong, and if another person has been compelled to pay the damages which the wrongdoer should have paid, the latter becomes liable to the former.
*1051 In Ocean Acc. & Guar. Corp. v. Hooker Electrochem. Co. (240 N. Y. 37) it was held that the right to subrogation is based upon the principles of equity and natural justice.
The insurance coverage extended to the ‘ ‘ insured persons ’ ’ under the indorsement attached to the policy and as required under section 167, was enacted for the benefit of an injured insured party and was not for the purpose of giving immunity to the wrongdoer or relief from any obligation under the law. The argument of the plaintiffs that defendant failed to notify the plaintiffs in accordance with subdivision (d) of section 606 of the Insurance Law is untenable since this section of the law does not apply to an “ insured person ”.
The fact that such insured may be required, if requested in writing, to take any necessary action against the financially irresponsible motorist, does not make that the exclusive remedy, nor preclude the insurer from its rights of indemnity or under subrogation. Such right to have the insured take action is a term under the contract between the insured and insurer. The wrongdoer cannot hide behind such contract to which it is not a party.
Accordingly, the court decrees that the defendant has a right to maintain an action, which fact it is now doing by virtue of its counterclaim. That phase of the motion to dismiss each and every counterclaim is granted to the extent of striking out the “First” and “ Second” counterclaims upon the grounds that they do not state facts sufficient to constitute a cause of action.
The “Third” and “ Fourth ” counterclaims are held sufficient under this motion.
However, paragraphs “ 11 ” and “ 12 ” as repeated in paragraphs “15” and “17” are stricken since such paragraphs repeat a cause of action which has been dismissed. Only paragraphs 2 through 10 are required in the “ Third ” and “ Fourth ” counterclaims.