CHARLES W. ACKERMAN et al., Appellants-Respondents, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent-Appellant.

First Department, April 18, 1963.

*Harold Samuel Herman* for appellants-respondents.

*Robert G. Sheller* of counsel (*Leonard Hemley* with him on the brief), for respondent-appellant.

*Per Curiam.* Plaintiffs seek a declaratory judgment decreeing that defendant (MVAIC) may not prosecute an action against a '' financially irresponsible motorist '' (Insurance Law, § 601, subd. j) to recover the amount paid in settlement to insureds who were injured in an accident involving an uninsured motor vehicle. Defendant's answer contained four coun-

terclaims, and sought judgment not only declaring that defendant had the right to prosecute an action to recover the amount of the settlement paid to the insureds, but, in addition, allowing such recovery against plaintiffs for the $1,000 paid in settlement.

The four counterclaims predicated the right to recover the amount paid in settlement upon four separate legal bases. The first counterclaim, alleging an assignment from the insureds, was properly stricken since section 41 (subd. 1, par. [1]) of the Personal Property Law prohibits the transfer of a claim to recover damages for personal injury. The statutory exception made in section 613 of the Insurance Law applies only to a " qualified " person and not to an " insured ".

So, too, the second counterclaim, based on section 7 of the New York Automobile Accident Indemnification Endorsement, in the insureds' policy, was insufficient in law since the indorsement merely allowed defendant to recoup any amounts paid to the insured from the proceeds of any recovery the insured might obtain from the financially irresponsible motorist. Hence, any rights of defendant under section 7 of the indorsement could arise only in the event action were taken in the name of the insured.

The third and fourth counterclaims are founded upon claims of indemnification and subrogation, respectively. As to those counterclaims, plaintiffs urge that subdivision (d) of section 606 of the Insurance Law gives defendant the power to settle and pay any claim asserted by an insured person against a financially irresponsible motorist only " after reasonable notice " to such motorist. Admittedly, defendant gave no notice to plaintiffs that it proposed to settle and pay the insureds' claims.

It is argued by plaintiffs that the alleged limitation of power contained in subdivision (d) of section 606 of the Insurance Law destroys any rights of subrogation or indemnification which defendant may have had under common law. In the settlement of a claim of a " qualified " person, it is specifically provided in section 613 of the Insurance Law that the qualified person shall assign his claim to MVAIC, " notwithstanding the provisions of section forty-one of the personal property law ", and that MVAIC " thereupon shall be subrogated to all of the rights of the qualified person against the financially irresponsible motorists ". However, the existence of this specific provision for subrogation in the case of a qualified person may not be deemed to have eliminated the defendant's common-law right to be subrogated to the rights of the insureds upon payment of their claims for damages allegedly caused by plaintiffs. Since the

liability of MVAIC to pay a qualified person is created by statute (Insurance Law, art. 17-A), it was necessary in the same statute to delineate the procedure for processing claims of qualified persons and expressly to provide for subrogation. In the case of an insured person, however, the right to subrogation flows by operation of law from the obligations assumed in the indorsement in the insurance policy.

The provision in subdivision (d) of section 606 of the Insurance Law, for reasonable notice to the financially irresponsible motorist of any proposed settlement with an insured, was to afford such motorist an opportunity to urge, in opposition to any settlement, that there had been no actionable negligence or that the amount to be paid was unreasonable. But no procedure is indicated in the statute whereby such motorist could in any way prevent a settlement. The statute, moreover, makes no provision for the consequences of inaction by such motorist if reasonable notice is given. Thus, whether notice is given, or not, such motorist's rights to raise objections to a settlement made with an insured person are in no way affected, and MVAIC, in any suit against the financially irresponsible motorist, would still have to establish that the settlement was reasonable and that there had been actionable negligence. Hence, the provisions for reasonable notice to the financially irresponsible motorist, contained in subdivision (d) of section 606 of the Insurance Law, may not properly be considered as a limitation on the power of MVAIC to settle with an insured person or as a condition precedent to the exercise of its rights of subrogation.

The order denying plaintiffs' motion for judgment on the pleadings and granting plaintiffs' motion to dismiss the counterclaims in the answer only to the extent of striking out the first and second counterclaims, should be affirmed, with costs to defendant-respondent-appellant.

BREITEL, J. P., VALENTE, McNALLY, EAGER and BASTOW, JJ., concur.

Order, entered on October 9, 1962, denying plaintiffs' motion for judgment on the pleadings and granting plaintiffs' motion to dismiss the counterclaims in the answer only to the extent of striking out the first and second counterclaims, unanimously affirmed, with $20 costs and disbursements to defendant-respondent-appellant.