■ LINDA G. BRENNAN et al., as Coadministratrices of LEO J. BRENNAN, JR., Deceased, et al., Respondents, v CITY OF NEW YORK et al., Appellants. — Order, Supreme Court, New York County (Ryp, J.), entered March 30, 1981, unanimously reversed, on the law, and petitioners' motion to serve a late notice of claim and a summons with notice denied, without costs. Petitioners' decedent died on April 3, 1979, while hospitalized at Bellevue, a New York City Health and Hospitals Corporation (NYCHHC) facility. A dispute between the petitioners, who are decedent's widow and former wife, the latter mother of his three children, delayed their appointment as coadministratrices until March 4, 1980. Nearly a year later, by order to show cause dated February 23, 1981, they moved for leave to serve a late notice of claim and a summons with notice upon the city and NYCHHC. That application should have been denied, the proposed wrongful death action being time barred. While the period limited for such actions against the *city* expires two years from the decedent's date of death (*Collins v City of New York,* 55 NY2d 646), the city is not a proper party to this action: it has no control over NYCHHC, a separate and distinct entity. (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 665.) Subdivision 2 of section 20 of the New York City Health and Hospitals Corporation Act (L 1969, ch 1016, § 20, as amd) applies to claims against NYCHHC. That section specifically states that an action for wrongful death shall not be commenced more than one year and 90 days after the cause of action shall have accrued; the two-year statute contained in EPTL 5-4.1 does not apply. Application of that time period was necessary in *Collins* (*supra*), only because section 50-i of the General Municipal Law, the limiting statute applicable to actions brought against the city, was devoid of any express reference to claims for wrongful death. (See *Collins v City of New York, supra,* at p 647.) Petitioners failed to commence their action within one year and 90 days from the date it accrued, the date of their decedent's death, not the date of their appointment. (*Ratka v St. Francis Hosp.,* 44 NY2d 604; *Erickson v Town of Henderson,* 30 AD2d 282.) An extension of time to serve a late notice of claim cannot exceed the time limited for the commencement of the action (General Municipal Law, § 50-e, subd 5). Concur — Sullivan, J. P., Ross, Markewich and Milonas, JJ.