In the Matter of the Arbitration between HENRY JOHNSON, JR., as Administrator of the Estate of WAYNE L. JOHNSON, Deceased, Respondent, and LUMBERMEN'S MUTUAL INSURANCE COMPANY, Appellant.

Fourth Department, July 9, 1982

1

APPEARANCES OF COUNSEL

*Canale, Madden & Burke, P. C. (Michael F. Perley* of counsel), for appellant.

*Arthur J. Rumizen,* for respondent.

OPINION OF THE COURT

HANCOCK, JR., J.

This appeal concerns the notice requirements in a standard uninsured motorist indorsement contained in a liability policy issued by appellant. The provision which applies to claims made under the policy for hit-and-run accidents requires that "the insured or someone on his behalf * * * shall have filed with the company within 90 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident".

The question presented is whether, when a hit-and-run accident results in the insured's death, the 90-day period for filing the sworn statement commences on the date of the accident or on the date of appointment of the insured's legal representative.[1]

On March 1, 1980, Wayne L. Johnson was a resident of the household of his father, Henry Johnson, Jr., and, as such, an insured under his father's liability policy issued by appellant, Lumbermen's Mutual Insurance Company (Lumbermen's). While on Grant Street in Buffalo, he was run over and severely injured by an automobile. The iden-

---

1. The full notice provision is: "the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 90 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof". The provision can be read as requiring filing within 90 days from the reporting of the accident to the police and not from the happening of the accident (see, e.g., *Matter of McNulty v MVAIC*, 51 Misc 2d 1, 2, affd 28 AD2d 1209). In this case the result is the same in either event. For purposes of the appeal we accept the issue as framed by appellant: "Does a claim for injuries or death under the 'hit and run' provision have to be made within 90 days of the accident in order to be arbitrated?"

tities of the owner and the operator were and are unknown. Wayne L. Johnson died from the injuries on March 10, 1980.

The deceased insured had no legal representative until the appointment of Henry Johnson, Jr., as administrator, on February 11, 1981; and no sworn statement pertaining to the existence of a cause of action was filed with Lumbermen's until petitioner, Henry Johnson, Jr., did so on the day following his appointment. Shortly thereafter, petitioner demanded arbitration of the claim and commenced the instant CPLR article 78 proceeding to compel arbitration. Lumbermen's contends that petitioner's rights to arbitration have been lost because no one filed the required statement under oath on behalf of Wayne L. Johnson within 90 days of the accident. Special Term rejected the insurer's argument and directed that arbitration be held. We affirm.

It is immediately apparent that the clause is ambiguous and, as the insurer interprets it, amounts to a requirement which can be impossible to fulfill when the claim is for wrongful death. Under the clause, respondent argues, someone other than the legal representative of a deceased insured (when, as here, the legal representative has not yet been appointed) must within the 90-day period file "a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident". Obviously a statement that "the insured or his legal representative" possesses a cause of action (i.e., "has a cause * * * of action") may not be filed when neither the insured nor his legal representative exists to possess it.

Moreover, it has been held that because only an administrator or executor has the right to bring a wrongful death action (EPTL 5-4.1), the time within which to file an affidavit under the Motor Vehicle Accident Indemnification Law (Insurance Law, § 608, subd [a]) attesting to the existence of a cause of action begins to run with the appointment of such legal representative (see *Matter of Sellars v MVAIC*, 20 AD2d 350, 353-354).[2] Similarly, the 90-day period for filing a notice of claim for wrongful death

---

2. It should be noted that *Sellars* deals with the claim of a qualified person under section 608 of the Insurance Law not, as in the case at bar, with the claim of an insured

under section 50-e of the General Municipal Law, we have held, commences when the estate representative is appointed (*Buduson v Curtis,* 285 App Div 517, 519, affd 309 NY 879). Here, by the same token, the time within which to file the statement required by the insurance contract as to the existence of a cause of action should commence with the appointment of the legal representative, the party essential to the maintenance of the action.

Applying the established rule that an insurance policy is to be construed liberally in favor of the insured and strictly against the insurer (see *Government Employees Ins. Co. v Kligler,* 42 NY2d 863, 864; *De Forte v Allstate Ins. Co.,* 81 AD2d 465, 469) and to avoid an absurd construction that produces an impossibility, we hold that the 90-day period began on February 11, 1981 when Henry Johnson, Jr., was appointed administrator.

A contrary holding depriving the insured's representative of his claim would run counter to the policy underlying the statutory mandate that the uninsured motorist indorsement be included in insurance policies (Insurance Law, § 167, subd 2-a) as explained by the Court of Appeals: "The purpose of the endorsement was to help effectuate the scheme of compulsory automobile liability insurance that has prevailed in New York State for the past quarter of a century by providing coverage to insured persons who suffer automobile accident injuries at the hands of financially irresponsible motorists (*Ackerman v MVAIC,* 36 Misc 2d 1048, affd 18 AD2d 307). The aim, to make the prescribed compensation available in *all* such cases, would appear to call for a policy of inclusion rather than exclusion in determining whom it covers (e.g., *Matter of Neals v Allstate Ins. Co.,* 34 AD2d 265)" (*Matter of Country-Wide Ins. Co. v Wagoner,* 45 NY2d 581, 586).[3]

---

person under the uninsured motorist indorsement. The language pertaining to the 90-day period in subdivision (a) of section 608 of the Insurance Law differs from the comparable language in the policy in that subdivision (a) measures the time from the "accrual of such cause or causes of action" while the 90-day period in the policy commences with the accident or, arguably, the reporting of it to the police.

**3.** In view of our holding that the time for filing commences upon the appointment of the legal representative and that, therefore, there was *no failure* to give timely notice, it

The order should be affirmed.

DILLON, P. J., DENMAN, BOOMER and MOULE, JJ., concur.

Order unanimously affirmed, with costs.

---

is unnecessary to resort to the application of section 167 (subd 1, par [d]) of the Insurance Law which is deemed to be a part of the policy (Insurance Law, § 167, subd 1; see *Matter of McNulty v MVAIC*, 51 Misc 2d 1, affd 28 AD2d 1209, *supra*) and which provides "that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible." The legislative mandate that the substance of section 167 (subd 1, par [d]) of the Insurance Law be included in all liability policies we think is, however, significant as additional evidence of the Legislature's intent that the notice provisions in the policy be construed liberally in favor of the insured.