JANICE DAWSON, as Administratrix of the Estate of ALBERT DAWSON, Deceased, Appellant, v CYNTHIA A. LANGNER, Defendant, and REGIONAL TRANSIT SERVICE et al., Respondents.

Fourth Department, January 29, 1985

APPEARANCES OF COUNSEL

*H. Paul Comisar* (*Nino J. Marini* of counsel), for appellant.

*Hirsch & Burke, P.C.* (*Paul F. Shanahan* of counsel), for respondents.

**OPINION OF THE COURT**

DOERR, J. P.

The question presented on this appeal is: when does a cause of action for wrongful death "accrue" for purposes of the Public Authorities Law?

Plaintiff's intestate was struck and killed by an automobile driven by defendant Cynthia Langner on August 17, 1982. The accident occurred while decedent was crossing a road to catch a bus owned by defendant Regional Transit Service (RTS) and driven by defendant Apostle Zaharaides, an employee of RTS. Plaintiff was appointed as administratrix of decedent's estate on December 22, 1983 and commenced the action in March, 1984.

Defendants RTS and Zaharaides moved to dismiss the complaint as time barred for failure to commence the action within

one year of the time the action accrued as required by subdivision 2 of section 1299-rr of the Public Authorities Law. Special Term granted the motion and plaintiff appeals. We reverse.

The parties agree that the Statute of Limitations set forth in the Public Authorities Law applies to a wrongful death action (see *Andersen v Long Is. R. R.,* 88 AD2d 328, 340, affd 59 NY2d 657). The relevant statutory provision states: "[a]n action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued" (Public Authorities Law, § 1299-rr, subd 2). The parties disagree, however, on when a cause of action for wrongful death "accrues".

Defendants rely on *Andersen v Long Is. R. R.* (*supra*) for the proposition that a wrongful death action "accrues" at the moment of death. The case did not so hold, however, since the issue of "accrual" was not specifically addressed in the opinion (see *D'Andrea v Long Is. R. R. Co.,* 122 Misc 2d 760). For the same reason, and also because there is no indication that the claim was for wrongful death, we place no reliance on *Penner v National R. R. Passenger Corp.* (98 AD2d 631).

The cause of action for wrongful death was unknown to the common law and is purely a creation of statute (*Crapo v City of Syracuse,* 183 NY 395, 399). In New York, such actions are constitutionally guaranteed (NY Const, art I, § 16) and are provided for in EPTL 5-4.1. Significantly, a wrongful death action is brought not on behalf of the decedent's estate, but on behalf of the decedent's distributees, and the damages recoverable are not compensation for the injury sustained by the decedent, but for injuries suffered by the distributees as a result of the decedent's death (*George v Mt. Sinai Hosp.,* 47 NY2d 170, 176). Accordingly, the appointment of a qualified administrator is essential to the maintenance of the action and "the statutory right to recover for wrongful death does not even arise until an administrator has been named through the issuance of letters of administration (*Carrick v Central Gen. Hosp.,* 51 NY2d 242, 249, n 2).

Since the cause of action for wrongful death is not complete until the appointment of an administrator, it has long been the rule that the cause of action for wrongful death does not "accrue" until the appointment of the administrator (*Crapo v City of Syracuse, supra; Gibbons v City of Troy,* 91 AD2d 707; *Forero v Town of Tuxedo,* 51 AD2d 443, 445; *Erickson v Town of Henderson,* 30 AD2d 282, 284; *Matter of Sellars v MVAIC,* 20 AD2d 350, 353; *McDonough v Cestare,* 3 AD2d 201, 205; see, also, *Matter of Johnson* [*Lumbermen's Mut. Ins. Co.*], 88 AD2d 1, 3).

The usual Statute of Limitations for a wrongful death action does not run from the accrual of the cause of action, but from the date of decedent's death (EPTL 5-4.1). Thus, "accrual" of the cause of action is generally irrelevant. Although the term "accrual" is regularly employed in statutory language (see, e.g., CPLR 203, subd [a]), it is not defined. We have previously observed that " '[a] cause of action may be said to accrue when the plaintiff has a right to commence an action' " (*Erickson v Town of Henderson, supra,* p 284, quoting *Christian v Village of Herkimer,* 5 AD2d 62, 64, affd 5 NY2d 818). It is well settled that there is no right to commence an action for wrongful death in the absence of a duly appointed administrator (see *Carrick v Central Gen. Hosp., supra,* and *Bernardez v City of New York,* 100 AD2d 798 [both noting that a cause of action for wrongful death must be dismissed where the plaintiff had not yet been issued letters of administration]). Since there is no right to commence the cause of action for wrongful death prior to appointment of an administrator, the action cannot be said to have accrued before then.

The Public Authorities Law provides that the Statute of Limitations therein begins to run when the cause of action accrues. There is no requirement, therefore, that the cause of action be commenced within one year of death, but only within one year of the appointment of an administrator. We observe that this construction is consistent with prior decisions construing notice of claim statutes requiring the notice to be served within some period of time after a cause of action accrues (see, e.g., *Crapo v City of Syracuse, supra; Joseph v McVeigh,* 285 App Div 386, affd 309 NY 877; *Buduson v Curtis,* 285 App Div 517, affd 309 NY 879). If a shorter period of time within which the action must be commenced is deemed desirable by the Legislature, the one-year period could be made to run from "the happening of the event" (see *Erickson v Town of Henderson, supra,* pp 284-285; see, also, *Doyle v 800, Inc.,* 72 AD2d 761, 762).

Finally, we observe that an action for wrongful death must be brought not only within the time period prescribed by the Public Authorities Law, but also within two years after decedent's death as required by EPTL 5-4.1 (see *Andersen v Long Is. R. R., supra,* p 341; see, also, *Santaniello v De Francisco,* 73 Misc 2d 934, on rearg 74 Misc 2d 229, affd 44 AD2d 831).

In the instant case, the cause of action was commenced both within two years of death and within one year of the appointment of the administratrix. Accordingly, the order should be reversed, and the motion to dismiss should be denied.

BOOMER, GREEN, O'DONNELL and SCHNEPP, JJ., concur.

Order unanimously reversed, on the law, with costs, and motion denied.