## Susan D'Andrea, Respondent, v Long Island Rail Road Company et al., Appellants.

Second Department, May 5, 1986

## APPEARANCES OF COUNSEL

*Thomas M. Taranto (Linda A. Mulè* and *Franklin W. Kronenberg* of counsel), for appellants.

*Ralph Berley* for respondent.

## OPINION OF THE COURT

BRACKEN, J.

On this appeal, we again venture into the morass which is comprised of the several statutory provisions limiting the time in which a wrongful death action may be commenced. Specifically, we must determine whether an action against the Metropolitan Transportation Authority (hereinafter MTA), a public authority, and its subsidiary corporation, the Long Island Rail Road (hereinafter LIRR), was timely commenced within one year after the cause of action "accrued" pursuant to Public Authorities Law § 1276 (2). We hold that it was not, and, therefore, reverse the order appealed from and grant the defendants' motion to dismiss the action as time barred.

The plaintiff's decedent was struck and killed by an LIRR train on August 7, 1981. The plaintiff was appointed administratrix of the decedent's estate on April 26, 1983, more than 20 months after the date of death. Notices of claim were served upon the LIRR on May 18, 1983, and upon its parent authority, the MTA, on May 24, 1983. An action to recover damages for wrongful death was thereafter commenced by service of a summons and complaint upon the LIRR on August 4, 1983, and upon the MTA on August 5, 1983. The defendants moved to dismiss upon the ground that the action was time barred under the provisions of the Public Authorities Law § 1276 (2). By order dated January 17, 1984, Special Term (Luciano, J.), denied the motion *(see, D'Andrea v Long Is. R. R. Co.,* 122 Misc 2d 760), and the defendants have appealed.

Our analysis begins with the recognition that a cause of action to recover damages for wrongful death was unknown at common law and exists, in this State, solely by reason of statute (EPTL 5-4.1 *et seq.; see, e.g., Liff v Schildkrout,* 49 NY2d 622, 631-632; *George v Mt. Sinai Hosp.,* 47 NY2d 170, 176; *Ratka v St. Francis Hosp.,* 44 NY2d 604, 610, 612; *Kilberg v Northeast Airlines,* 9 NY2d 34, 38; *Crapo v City of Syracuse,*

183 NY 395, 399).[1] The statute, being in derogation of common law, is to be strictly construed (Young v Robertshaw Controls Co. Uni-Line Div., 104 AD2d 84, 88, appeal dismissed 64 NY2d 885, lv granted 110 AD2d 920, appeal withdrawn 66 NY2d 613). The principal statutory provision, EPTL 5-4.1 (1) reads, in pertinent part, as follows: "The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued. Such an action must be commenced within two years after the decedent's death".

For purposes of discussing the issues presented on this appeal, it must be noted that the foregoing statute contains two significant elements. First, it requires that the action be brought by a duly appointed personal representative, who is defined as a person who has received letters to administer the estate of the decedent (EPTL 1-2.13). Thus, "the existence of a qualified administrator is essential to the maintenance of the [wrongful death] action and * * * the statutory right to recover for wrongful death does not even arise until an administrator has been named through the issuance of letters of administration" (Carrick v Central Gen. Hosp., 51 NY2d 242, 249, n 2). Second, the statute prescribes a two-year period of limitation for commencement of a wrongful death action, which period runs from the date of the decedent's death, and not from the date of appointment of the personal representative (Bonilla v Abbott, 113 AD2d 861).

The task of determining the timeliness of a wrongful death action is complicated where, as in this case, the defendant is the MTA, a public authority, and the LIRR, its subsidiary corporation. Under such circumstances, we must also consider the provisions of Public Authorities Law § 1276 (2),[2] which provides: "An action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the authority within the time

1. In addition, such actions have been constitutionally guaranteed (NY Const, art I, § 16).

2. By statute, this provision applies to subsidiary corporations of the MTA as well as the MTA (Public Authorities Law § 1276 [6]).

limited by and in compliance with all the requirements of section fifty-e of the general municipal law." It is now settled that the one-year Statute of Limitations contained in Public Authorities Law § 1276 (2), and not the two-year limitation period prescribed by EPTL 5-4.1, applies in a wrongful death action against the MTA or its subsidiary *(Andersen v Long Is. R. R.,* 88 AD2d 328, *affd* 59 NY2d 657). While EPTL 5-4.1 provides that the action must be commenced "within two years after the decedent's death", Public Authorities Law § 1276 (2) requires that the action cannot be commenced more than one year after the cause of action "shall have accrued". The question for our consideration, which was not addressed or decided in *Andersen,* is at what time does a cause of action for wrongful death "accrue" for purposes of triggering the Statute of Limitations contained in section 1276?

In answering this question, we do not write upon a clean slate. Although the term "accrual" is not defined statutorily, courts have frequently been called upon to glean its meaning. In *Barnes v City of Brooklyn* (22 App Div 520), a wrongful death action against a city, this court construed a former statute requiring filing of a notice of claim within six months after the cause of action accrued (L 1886, ch 572, § 1) to permit such filing within six months after the appointment of a personal representative. We stated: "The alleged cause of action in question resulted from the death of the plaintiff's intestate. It did not occur during his life, and until letters of administration were granted to the plaintiff there was no person in existence capable of bringing an action for the alleged cause. While the right of action was given by the death of the plaintiff's intestate, for the alleged cause of the death, no cause of action could accrue to any party until the appointment of his personal representative. The creation of that relation, therefore, would reasonably seem to be essential to the accruing of a cause of action" *(Barnes v City of Brooklyn, supra,* at p 522).

Thereafter, in *Crapo v City of Syracuse* (183 NY 395, *supra),* the Court of Appeals, relying in part upon our decision in *Barnes (supra),* held that, under the same statute, a cause of action to recover damages for wrongful death against a city did not accrue until the appointment of an administrator *(Crapo v City of Syracuse, supra,* at pp 397, 399-400). The court noted, however, that the action also had to be commenced within two years of the decedent's death as required by the general Statute of Limitations for wrongful death actions,

thereby eliminating the danger of stale claims (former Code Civ Pro § 1902; *Crapo v City of Syracuse, supra,* at p 397).

Decisions subsequent to *Crapo (supra)* reflected a degree of uncertainty regarding the accrual date for wrongful death actions. For example, in *McDonough v Cestare* (3 AD2d 201, 205, *lv denied* 3 AD2d 861), we reiterated, in dictum, that the "right to relief by action for wrongful death accrues on the appointment of an executor or administrator of the decedent's estate". In *Santaniello v De Francisco* (73 Misc 2d 934, *on rearg* 74 Misc 2d 299, *affd* 44 AD2d 831), we affirmed, without opinion, an order of Special Term which dismissed as untimely a wrongful death action against the MTA and the LIRR. In that case, Special Term determined that although the action had been timely commenced within one year after the appointment of an administrator so as to satisfy the requirement of Public Authorities Law former § 1276 (which required commencement within one year after the cause of action "shall have accrued"), the action was untimely under EPTL 5-4.1, which requires that the action be commenced within two years after the decedent's death. However, subsequently, in *Pepitone v Smith* (54 AD2d 754), we fixed the date of accrual for purposes of section 1276 to be the date on which the decedent died, and, in *Penner v National R. R. Passenger Corp.* (98 AD2d 631), the Appellate Division, First Department, held that the Statute of Limitations contained in section 1276 ran from "the occurrence of the alleged tort", although there is no indication in *Penner* that the cause of action was one to recover damages for wrongful death. In *McDaniel v Clarkstown Cent. School Dist. No. 1* (111 AD2d 151, 153, *on rearg* 110 AD2d 349), we reaffirmed the general principle that a cause of action to recover damages for wrongful death accrues at the time of appointment of the administrator of the decedent's estate.

Recently, the Appellate Division, Fourth Department, held that, for purposes of Public Authorities Law § 1299-rr (2), a parallel provision governing actions against the Rochester-Genesee Regional Transportation Authority and its subsidiary corporations,[3] a cause of action for wrongful death accrues

---

3. Public Authorities Law § 1299-rr (2) provides, in language identical to that contained in § 1276 (2), as follows: "An action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the authority within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law."

upon the appointment of the administrator of the decedent's estate *(Dawson v Langner,* 106 AD2d 152). In *Dawson,* the court seized upon the language in prior cases to hold that "accrual" occurs when a plaintiff acquires the right to commence an action *(Dawson v Langner, supra,* at p 154, citing *Erickson v Town of Henderson,* 30 AD2d 282, 284; and *Christian v Village of Herkimer,* 5 AD2d 62, 64, *affd* 5 NY2d 818) and that, where the cause of action is one to recover damages for wrongful death, the right to commence resides solely in an administrator (EPTL 5-4.1) and thus does not exist until such administrator has been duly appointed *(Dawson v Langner, supra,* at p 153, citing *Carrick v Central Gen. Hosp.,* 51 NY2d 242, 249, n 2, *supra; Crapo v City of Syracuse,* 183 NY 395, 399, *supra).* However, the *Dawson* court held, in any event, that a wrongful death action against a public authority must be commenced not only within the one-year period running from the appointment of an administrator as prescribed by Public Authorities Law § 1299-rr (2), but also within two years of the decedent's death as prescribed by EPTL 5-4.1 *(Dawson v Langner, supra,* at p 154).

We reach a contrary conclusion, however, upon the authority of *Brennan v City of New York* (88 AD2d 871, *affd* 59 NY2d 791). In that case, the plaintiff's decedent died on April 3, 1979, while a patient at a New York City Health and Hospitals Corporation (hereinafter NYCHHC) facility. On March 4, 1980, coadministratrices were appointed and, by order to show cause dated February 23, 1981, they moved for leave to serve a late notice of claim and a summons with notice for a proposed wrongful death action upon the NYCHHC and the City of New York.[4] Special Term granted the motion, but the Appellate Division, First Department, reversed, and denied the motion upon the ground that the action against the NYCHHC was time barred under New York City Health and Hospitals Corporation Act § 20 (2) (L 1969, ch 1016, § 1 [§ 20], as amended by L 1969, ch 1018; L 1973, ch 654, § 1; L 1973, ch 877, § 1), which provides, in pertinent part, as follows: "An action against the corporation for damages for injuries to real or personal property, or for the destruction thereof, or for personal injuries or death,

4. The action against the City of New York was subsequently dismissed upon the ground that it was not a proper party, inasmuch as the New York City Health and Hospitals Corporation is not an agency of the city but a separate and distinct entity *(see, Brennan v City of New York,* 88 AD2d 871, *affd* 59 NY2d 791).

alleged to have been sustained, shall not be commenced more than one year and ninety days after the cause of action thereof *shall have accrued,* nor unless a notice of intention to commence such action and of the time when and the place where the tort occurred and the injuries, damage, or death were sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed and the value thereof, or the personal injuries alleged to have been sustained and by whom, shall have been filed with a director or officer of the corporation within ninety days after such cause of action *shall have accrued"* (emphasis added). The First Department held that the action had not been commenced within one year and 90 days after it had accrued, which was the date of the decedent's death and not the date on which the coadministratrices were appointed *(Brennan v City of New York,* 88 AD2d 871, *supra).*

The Court of Appeals affirmed the order of the First Department, holding that the Statute of Limitations contained in the New York City Health and Hospitals Corporation Act, and not the general two-year Statute of Limitations for wrongful death actions (EPTL 5-4.1) was applicable to a wrongful death action against the NYCHHC *(Brennan v City of New York,* 59 NY2d 791, 792-793, *supra).* Moreover, the Court of Appeals specifically rejected, as an inversion of legislative intent, the rationale adopted by the Fourth Department in *Dawson v Langner* (106 AD2d 152, *supra),* to the effect that the time for commencement of the action ran from appointment of a personal representative but could not extend beyond two years after the decedent's death under EPTL 5-4.1 *(Brennan v City of New York,* 59 NY2d 791, 793, *supra).* Instead, the court held that, under the provision of the New York City Health and Hospitals Corporation Act requiring the action to be commenced within one year and 90 days after the cause of action "shall have accrued", the action was required to have been commenced within one year and 90 days after April 3, 1979, the date of the decedent's death *(Brennan v City of New York, supra,* at p 793). This court has subsequently followed *Brennan* in wrongful death actions against the NYCHHC *(see, Brann v City of New York,* 100 AD2d 504).

In our view, the holding in *Brennan (supra)* requires reversal of the order appealed from. The statutes involved in both cases, aside from the extent of the time limitations, are functionally indistinguishable. Each provides that the action "shall not be commenced more than one year [or, in the case

of the NYCHHC, one year and 90 days] after the cause of action thereof shall have accrued". Thus, we must conclude that, for purposes of Public Authorities Law § 1276 (2), a cause of action to recover damages for wrongful death against the MTA or its subsidiary accrues upon the death of the decedent and that the action must be commenced within one year of the date of the decedent's death. In the present case, the decedent's death occurred on August 7, 1981, and the action was not commenced until August 1983, some two years later. The action, being untimely brought, must be dismissed.

Accordingly, the order appealed from should be reversed, on the law, and the defendant's motion to dismiss the action as time barred should be granted.

LAZER, J. P., BROWN and LAWRENCE, JJ., concur.

Order of the Supreme Court, Suffolk County, dated January 17, 1984, reversed, on the law, without costs or disbursements, the defendants' motion to dismiss the action as time barred granted, and action dismissed.