**Frances I. GREGORY, Personal Representative of the Estate of Michael Parks, Plaintiffs,**

v.

**MONROE COUNTY WATER AUTHORITY and Durocher Dock & Dredge, Inc., Defendants.**

No. 92–CV–6006.

United States District Court, W.D. New York.

July 31, 1992.

Gerald James Whalen, of Offerman, Mahoney, Cassano, Pigott, Greco & Whalen, Buffalo, N.Y., for plaintiffs.

Louis D'Amanda, of Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, N.Y., for Monroe County Water Authority.

Paul V. Nunes, of Underberg & Kessler, Rochester, N.Y., for Durocher Dock and Dredge.

## DECISION AND ORDER

TELESCA, Chief Judge.

This diversity action arises from an accident that occurred on October 4, 1990 in Greece, New York, and which resulted in the death of Michael E. Parks. His mother Frances I. Gregory, as personal representative of his estate, brings this action against the Monroe County Water Authority ("MCWA") and Durocher Dock and Dredge, Inc. ("Durocher") for the wrongful death of her son. Ms. Gregory is a citizen of Maryland. Pursuant to the § 1109 of the Public Authorities Law, plaintiff filed a notice of claim on December 31, 1990.

Michael E. Parks ("Decedent") was a commercial diver employed with Parks Diving Corporation ("Parks Diving"), a Maryland corporation. In September of 1990, MCWA and Durocher entered into a contract whereby Durocher agreed to provide certain construction services and equipment for the "Zebra Muscle Control Strategy, Installations of Intake Piping Contract 1G" (the "Zebra Project"), an intake pipe at the Shoremont Water Treatment Plant. Also during that month, Durocher and Parks Diving entered into an agreement whereby Parks Diving would provide cer-

tain services and equipment for the Zebra Project.

On October 4, 1990, the Decedent was engaged in underwater construction work inside a pipe extending from the MCWA facility to Lake Ontario at the Zebra Project. Plaintiff alleges that because of defendants' negligence: (1) the facility's pumping system was not deactivated causing strong currents and pressure inside of the pipe, and (2) the blueprints provided to Parks Diving were inaccurate and did not show a second pipe which exacerbated the strong currents and pressure. Plaintiff states in her complaint that as a result of this negligence, Decedent was caught in the strong cross currents and drowned.

Defendant MCWA now moves to dismiss the claims against it. Plaintiff opposes this motion and cross moves to amend her complaint.

## DISCUSSION

## I. PLAINTIFF'S MOTION TO AMEND COMPLAINT

■ Plaintiff has cross moved under Rule 15 of the Federal Rules of Civil Procedure for an order granting plaintiff leave to amend her complaint. Under Fed. R.Civ.P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." In the absence of undue delay, bad faith, dilatory motive on the part of the movant, or undue prejudice to the opposing party by virtue of allowance of the amendment, the amendment will be granted. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Generally, plaintiff's proposed amendments state that the complaint alleges two separate causes of action, for wrongful death and for personal injury, each for one million dollars; and, that a notice of claim was timely filed as required by General Municipal Law § 50–i(1)(b). Plaintiff's amendments are not substantial and if allowed would not unduly prejudice the defendants. Defendants do not allege undue delay, bad faith, or dilatory motive on the part of the plaintiff. Plaintiff's motion to amend her complaint is, therefore, granted.

## II. DEFENDANT MCWA'S MOTION TO DISMISS

MCWA moves to dismiss plaintiff's claims for the following reasons: (a) the action was filed after the statute of limitations had run; (b) the plaintiff lacks capacity to sue for wrongful death; (c) the complaint does not state two separate causes of action, one for personal injuries and one for wrongful death; and (d) the notice of claim was made only for the wrongful death claim and not for the personal injury claim. As stated above, this Court has allowed an amendment to the complaint providing two separate causes of action, thus MCWA's claim regarding this issue will not be addressed further.

### 1. *Statute of limitations*

■ MCWA claims that the personal injury action against it is untimely. MCWA argues that Title 8–A of the Public Authorities Law ("PAL"), the New York State Local Water and Sewer Authority Act (the "Act"), applies to the MCWA; and, specifically, that § 1196–m(1) of the PAL sets forth the applicable statute of limitations for actions against the MCWA. Defendant MCWA further states that § 204(a) of the CPLR has been interpreted to add a thirty day extension to the statutory one-year period. MCWA argues that this action is outside of the prescribed statute of limitations because it was filed on January 6, 1992, one year and ninety four days after Decedent's death, and sixty four days after the expiration of the statute of limitations.

The question of whether § 1196–m(1) sets the applicable statute of limitations for personal injury actions against the MCWA has not been previously addressed by any court and there is no legislative history regarding the applicability of Title 8–A to the MCWA. To construe the meaning of this statute, it is therefore necessary to look at the plain language in the statute.

Section 1196–m of the PAL states that, with the exception of wrongful death actions,

no action or proceeding shall be prosecuted or maintained *against an authori-*

*ty* for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of the authority or any member, officer, agent or employee thereof, unless ... (c) the action or proceeding shall be commenced within one year after the happening of the event upon which the claim in based. An action against the authority for wrongful death shall be commenced in accordance with the notice of claim an time limitation provisions of title eleven of article nine of this chapter. (emphasis added).

Defendant argues that the MCWA is "an authority" covered by this section. Plaintiff contends, however, that the restricted statute of limitations of § 1196–m(1) does not apply to the MCWA but only to "authorities" established pursuant to Title 8–A, after its enactment. According to the plaintiff, the three-year statute of limitations of CPLR § 214(5) controls.

Title 8–A, § 1196–b(1) defines "authority" as "a water authority or sewerage authority organized *pursuant to the provisions of this title*" (emphasis added). The MCWA was created prior to the enactment of Title 8–A and pursuant to Title 5 of the Public Authorities Law. § 1094(1) of Title 5 defines "authority" as "the corporation created by section one thousand ninety-five of this title," i.e. the Monroe County Water Authority. Since the MCWA was not created pursuant to Title 8–A, it seems to fall outside of the scope of authorities covered under that title.

Neither Title 8–A nor Title 5 cross-reference the other, and Title 8–A does not address its applicability to already existing authorities such as MCWA. Significantly, Title 5 has its own provision regarding actions against the MCWA in § 1109. Furthermore, recent amendments to § 1109 of Title 5 provide a requirement of notice of claim in tort actions *against MCWA* and a two-year statute of limitations in wrongful death actions *against MCWA*. Title 8–A at § 1196–m makes the same provisions for "an authority" as the recent amendments to § 1109 do for the MCWA with regard to the notice of claim and the statute of limi-

tations for wrongful death claims. If Title 8–A applied to MCWA, the simultaneous amendments to Title 5 and Title 8–A establishing the two-year statute of limitation period for wrongful death claims would have been unnecessary as a provision in Title 8–A alone would have sufficed. If by these amendments the legislature had intended to "provide consistent notice and limitation time periods throughout the state", as argued by defendant MCWA, it could have cross-referenced the amendment in Title 8–A with Title 5 or added the one-year statute of limitations for tort actions to Title 5. The legislature, however, did not.

After a plain reading of the relevant titles of the PAL and construing the PAL as a whole, I find that the one-year statute of limitations of Title 8–A is inapplicable to the MCWA. Since Title 5 does not set forth a statute of limitations for tort actions against MCWA, the three year statute of limitations applies as provided by CPLR § 214(5). Decedent died October 4, 1990 and the complaint in this action defendant MCWA was served with the summons and complaint on January 10, 1991. Accordingly, this Court finds that the complaint in this action was timely filed.

2. *Lack of capacity to sue for wrongful death*

■ Defendant MCWA claims that in a wrongful death action the plaintiff cannot sue as personal representative and that a qualified administrator is needed. "The appointment of a qualified administrator is essential to the maintenance of the action and the statutory right to recover for the wrongful death does not even arise until an administrator has been named through the issuance of letters of administration." *Dawson v. Langner*, 106 A.D.2d 152, 153, 484 N.Y.S.2d 743 (4th Dept., 1985), *citing Carrick v. Central Gen. Hosp.*, 51 N.Y.2d 242, 249, n. 2, 434 N.Y.S.2d 130, 414 N.E.2d 632 (1980).

Sufficient proof that Letters of Administration were issued in the State of Maryland on November 1, 1990, to Ms. Gregory naming her personal representative of the

Decedent has been submitted. (¶ 20 and Exhibit "A" of Plaintiff's Answering Affirmation, dated June 2, 1992). Therefore, I find that Ms. Gregory is a qualified administrator who may sue for wrongful death. "A personal representative who ha[s] received letters of administration of the estate is the only party who is authorized to bring a survival action for personal injuries sustained by the decedent and a wrongful death action to recover the damages sustained by the decedent's distributees on account of his or her death." *Mingone v. State*, 100 A.D.2d 897, 899, 474 N.Y.S.2d 557, 560 (2nd Dept., 1984).

### 3. *Incomplete Notice of Claim*

MCWA contests the validity of notice of claim filed by the plaintiff on December 31, 1990 because the notice was made for a wrongful death claim alone, and not for a personal injury claim. The filed notice of claim states: "This is a claim for the wrongful death of Michael Edward Parks ..." and "... the claim ... is for their negligence, wrongful acts, and other tortious conduct which directly caused the death of the decedent." The notice makes no mention of pain and suffering or of personal injuries on the notice. For this reason, I find that the notice of claim filed by the plaintiff is incomplete on its face.

 Where a notice of claim is found to be incomplete on its face, the plaintiff may be allowed to correct the omission pursuant to General Municipal Law § 50–e(6). The plaintiff here has requested leave to amend the notice. Section 50–e(6) provides that, at the discretion of the court, a notice of claim may be amended after service where there was a mistake or omission made in good faith provided that the other party is not prejudiced by it. A notice of claim filed by the decedent's estate which omits a claim for pain and suffering and only raises a claim for wrongful death may be amended to include such claim. *See Feiler v. City of New York*, 107 N.Y.S.2d 238, 239 (Sup.Ct., N.Y.1951).

Here, the notice of claim filed by the plaintiff described the date, location and circumstances of the accident, putting MCWA on notice to investigate the incident involved. Although the notice as filed was insufficient to give MCWA notice of the plaintiff's claim for pain and suffering specifically, this Court will allow plaintiff's request to amend the notice to include the pain and suffering claim. Both the claims for conscious pain and suffering and the claim for wrongful death arise out of the same incident covered in the notice.

### CONCLUSION

IT IS ORDERED, defendant MCWA's motion to dismiss the claims against it is denied. The plaintiff's motion for leave to amend the complaint is granted.

I find that the notice of claim as filed by the plaintiff with the County of Monroe is insufficient on its face to give adequate notice of the plaintiff's claim for conscious pain and suffering; and I therefore grant the plaintiff's motion to amend the notice of claim to include that claim.

ALL OF THE ABOVE IS SO ORDERED.