■ TAMARA KRAMER, as Administrator of the Estate of Esfir Leitman, Deceased, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. [703 NYS2d 514] —In an action pursuant to Insurance Law § 3420 (b) to recover the amount of a judgment obtained against the defendant's insured, the defendant appeals from (1) an order of the Supreme Court, Nassau County (McCarty, J.), dated February 25, 1999, which denied its motion for summary judgment and granted the plaintiff's cross motion for summary judgment, and (2) a judgment of the same court, entered July 30, 1999, which is in favor of the plaintiff and against it in the principal sum of $83,492.13.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion is granted, the plaintiff's cross motion is denied, the order is modified accordingly, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The defendant issued a homeowners' policy to Tamara Kramer and her husband, Anatoly Kramer, when they purchased their home in February 1992. On March 17, 1992, while visiting the Kramers' home, Mrs. Kramer's mother, Esfir Leitman, died from carbon monoxide poisoning caused by a defective heating and ventilation system. More than 21 months later, Mrs. Kramer, as proposed administrator of her mother's estate, first notified the defendant of the accident by letter. Less than one month later, the defendant disclaimed coverage based on the failure to provide notice of the accident as soon as practical as required by the policy.

On March 9, 1994, limited letters of administration were issued to Mrs. Kramer, her mother's sole distributee. As administrator of Mrs. Leitman's estate, she then commenced an action against multiple defendants, including herself and her husband, to recover damages for personal injuries and wrongful death. A copy of the complaint was forwarded to the

defendant, which continued to disclaim coverage. The Kramers defaulted and an assessment of damages was held. Ultimately, a money judgment was entered solely against Mr. Kramer.

Mrs. Kramer, as administrator of her mother's estate, subsequently commenced this action against the defendant pursuant to Insurance Law § 3420 (b) to recover the amount of the judgment. The defendant moved for summary judgment, contending that there was no coverage due to the failure to give timely notice of the occurrence. The plaintiff cross-moved for summary judgment. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion, concluding that the timeliness of notice from the estate of a decedent is measured from the date a legal representative is appointed. Consequently, the Supreme Court found that the notice provided by the plaintiff in this case was timely. We reverse.

Under the particular circumstances of this case, notice was not given as soon as practical or as soon as reasonably possible (*see,* Insurance Law § 3420 [a] [4]). Notice of an accident or occurrence may be provided by the insured or by a claimant (*see,* Insurance Law § 3420 [a] [3]). In this case, the plaintiff was both the insured and, in effect, the claimant. As the sole distributee of her mother's estate, she is the only one who will benefit from any damages recovered by the estate. She was fully aware of the accident, which occurred in her own home, and she learned the cause of her mother's death within days thereafter, yet failed to provide notice to the defendant for over 21 months. Under the facts of this case, the lack of a personal representative for the estate does not excuse the delay in providing notice (*see, Allstate Ins. Co. v Furman,* 84 AD2d 29, *affd* 58 NY2d 613). This is not a case, such as that relied on by the Supreme Court, where the time to give notice is measured from the date a cause of action exists, arises, or is possessed by a legal representative (*see, Matter of Johnson [Lumbermen's Mut. Ins. Co.],* 88 AD2d 1; *see also, Buduson v Curtis,* 285 App Div 517, *affd* 309 NY 879).

The defendant sufficiently specified the grounds for the disclaimer and the disclaimer was sent to the proper parties (*see, Losi v Hanover Ins. Co.,* 139 AD2d 702). Moreover, we conclude that the defendant's delay of less than one month in issuing the disclaimer was reasonable as a matter of law (*see, Can-Am Roofing v American States Ins. Co.,* 229 AD2d 973; *Silk v City of New York,* 203 AD2d 103).

In light of our determination, we do not reach the defendant's remaining contention which, in any event, is unpreserved for

appellate review. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.