■ In the Matter of DEBRA RUTH HOROVITZ, Deceased. STANLEY WOLF, Appellant. [880 NYS2d 316]—

In a proceeding pursuant to SCPA 702 to obtain limited letters of administration, the petitioner appeals from a decree of the Surrogate's Court, Kings County (Torres, S.), dated June 2, 2008, which denied the petition.

Ordered that the decree is affirmed, without costs or disbursements.

In 2003 the decedent, Debra Ruth Horovitz, an American citizen residing in Israel, was killed in Israel as a result of a terrorist attack. In 2007 the petitioner, her brother, sought limited letters of administration in Surrogate's Court in order to prosecute an action in federal court under 18 USC § 2333 (a) against Arab Bank, PLC, which allegedly had provided financial support to the perpetrators of the attack. The Surrogate's Court denied the petition on the ground that it lacked jurisdiction. We affirm.

The Surrogate's Court has jurisdiction over the estate of any decedent who was a domiciliary of New York at the time of his or her death (*see* SCPA 205 [1]). With respect to a decedent who, like Ms. Horovitz, was not a domiciliary of this state at the time of her death, the Surrogate's Court has jurisdiction over the estate if the decedent "leaves property in the state, or a cause of action for wrongful death against a domiciliary of the state" (SCPA 206 [1]). It is undisputed that Arab Bank, PLC, has ceased doing business in New York and is no longer a domiciliary of this state. Consequently, the petitioner predicates his contention that the Surrogate has jurisdiction here on the first clause of the statute, relying entirely on the premise that the action he proposes to pursue in federal court was property that Horovitz left in this state. The federal cause of action the petitioner seeks to pursue, however, being in the nature of "wrongful death," could not have come into being while Horovitz was alive (*cf.* EPTL 5-4.1 [1]; *D'Andrea v Long Is. R. R. Co.,* 117 AD2d 10, 12 [1986], *affd* 70 NY2d 683 [1987]; *Dawson v Langner,* 106 AD2d 152, 153 [1985]), and therefore cannot be considered property that she left in the state. As a result, there was no basis upon which the Surrogate could exercise jurisdiction (*see Matter of Mullins,* 34 Misc 2d 601, 602 [1962]).

The petitioner argues that this interpretation of SCPA 206 (1) undercuts the intent of Congress to provide a civil remedy for American nationals injured by international terrorism. The petitioner, however, failed to establish that the limited letters of administration he seeks in his petition are necessary in order for him, and Horovitz's other surviving family members, to pursue claims under 18 USC § 2333 (a). That statute provides in pertinent part that "[a]ny national of the United States injured in his or her person . . . by reason of an act of international terrorism, or his or her . . . survivors, or heirs, may sue therefor in any appropriate district court of the United States" (18 USC § 2333 [a]). The definition of those classes of persons entitled to sue is given a broad interpretation (*see Weiss v National Westminster Bank PLC,* 453 F Supp 2d 609, 620 [ED NY 2006]; *Knox v Palestine Liberation Org.,* 442 F Supp 2d 62, 74-76 [SD NY 2006]; *Estates of Ungar ex rel. Strachman v Palestinian Auth.,* 304 F Supp 2d 232, 261-263 [D RI 2004]). Moreover, there is no provision in the statute requiring the appointment of an administrator. Thus, the petitioner's argument is unpersuasive. Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.